## Jones v. Stearns, Mayor, et al.

(Decided Dec. 6, 1938.)

TANNER OTTLEY for appellants.

ARTHUR W. GRAFTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Reversing.

This is an appeal from a judgment of the Cumberland Circuit Court sustaining the validity of an issue of water works and sewer revenue bonds of the city of Burkesville of the par value of $66,000. In April, 1934, the city issued $39,000 of water works revenue bonds under the provisions of Chapter 92 of the Acts of 1930 (Kentucky Statutes, sections 2741L-23 to 2741L-42). These 1934 bonds were sold and $37,000 worth of them are outstanding in the hands of the general public. It is proposed by the issue of bonds now before us to retire or refund the $37,000 worth of the 1934 bonds, and to use the remainder of the funds thus acquired to construct a sewer system for the city.

The present bonds are sought to be issued under Chapter 133 of the Acts of 1926, as amended by Chapter 81 of the Acts of 1936 (Kentucky Statutes, sections 2741L-1 to 2741L-20).

It can hardly be doubted that, as an original proposition, the city could join its water works system and sewerage system in one project and issue revenue bonds therefor. Acts 1936, Chapter 81. In the case before us, however, the city has already acquired a water works system, acting under Chapter 92 of the Acts of 1930. The case, therefore, boils down to the question whether or not the city, even by vote of its people, has the power thus to mortgage, or place in lien, its water works system already acquired in order to secure an obligation to pay for a sewerage system in addition to the water works.

The city has such powers and only such powers as are given it by express statute or by necessary implication. Johnston v. City of Louisville, 11 Bush 527; Barrow v. Bradley, 190 Ky. 480, 227 S. W. 1016; City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. (2d) 33; Herd v. City of Middlesboro, 266 Ky. 488, 99 S. W. (2d) 458. Not only is there no express power given to a city of the fifth class to encumber an already-owned water works for the purpose of constructing a sewerage system, but it is expressly provided by sec. 2741L-21 of the Kentucky Statutes, "that no city of the four, five, or six classes, being the owner of any water works system * * * shall sell or convey or lease or mortgage or otherwise encumber the franchise or such water works system * * * without the assent of two-thirds of the total number of legal voters of such city * * *; provided, that the requirements of this Section shall not apply to any such city that may desire to issue revenue bonds under the provisions of Chapter 133 of the Acts of 1926 as amended by Chapter 92 of the Acts of 1930 of the General Assembly, for the purpose of purchasing or acquiring any water works system * * *, or of providing extensions or additions to, or betterments or improvements of, any water works system * * * already owned by any such city."

Section 2741L-21 of the Statutes was originally an act of 1930. It was last amended in 1934, before the enactment of Chapter 81 of the Acts of 1936. The 1934 amendment added the proviso concerning the issuance of revenue bonds to purchase or extend a water works system.

Prior to the adoption of Chapter 81 of the Acts of 1936 there was no provision for the issuance of revenue bonds to build a sewerage system in cities of the fifth class or of the sixth class. Indeed it was the very purpose of the 1936 Act to extend the power theretofore given (Acts 1932, Chapter 109) cities of the second, third, and fourth classes to cities of the fifth and sixth classes. There is nothing in the 1936 Act to confer power on a city to encumber an already-acquired water works system except for extensions or additions to such system. No power is given to encumber an already-acquired water works system in order to construct a sewerage system. We see no necessary implication of such a power. As we read the 1936 Act, it authorizes a city to construct either a water works system or a sew-

erage system or to combine the two in one project, but it nowhere provides for the mortgaging of either system for the benefit of the other unless they are joined together at the start. We can not read into the statute a scheme of procedure that is not there merely because we might think that the legislature would have authorized it if they had thought about it.

Since we can find no express or necessarily implied grant of power in the 1936 Act, we are left with nothing but Chapter 92 of the Acts of 1930 (sec. 2741L-23 et seq.) under which the water works revenue bonds were originally issued and sec. 2741L-21 which forbids encumbering of the water works system without the assent of two thirds of the voters.

It may be plausibly argued that sec. 2741L-21, in forbidding the placing of an encumbrance on a water works system without the assent of two-thirds of the voters, by implication authorizes an encumbrance when the consent of two-thirds of the voters is secured. But, certainly, an implication of this kind could not be extended to the point of saying that an encumbrance could be placed on the water works system for some entirely separate utility even with the assent of two-thirds of the voters. No such joinder of projects was even recognized at the time when sec. 2741L-21 became a law. It seems to us that the most that can be said of sec. 2741L-21 is that it permits an encumbrance to be placed upon the system, with the assent of two-thirds of the voters, for purposes relating to the water works system itself. The exceptions of the 1926 Act and the 1930 Act in the proviso to sec. 2741L-21 relate alone to the purchasing or extending of a single utility, and not to joint projects such as are recognized under the 1936 Act.

The power of the city of Burkesville to issue revenue bonds for its proposed sewerage system alone is clear, just as its power to issue its water works revenue bonds already outstanding is clear. We can find no authority, express or implied, for the combination of refunding water works bonds with sewerage bonds in one project under one lien.

The question is not purely a technical one. It may well be that the Legislature intended to prohibit, by section 2741L-21, exactly the sort of scheme here proposed. It may not be so entirely advantageous to the city to place a lien on its profitable water works for the

benefit of a sewerage system which may or may not produce a sufficient income to uphold its share of the joint charges. A benefit already secured is not lightly to be jeopardized for projects of unproven value. At all events, as pointed out above, there is neither express nor necessarily-implied power to effectuate the scheme here proposed, and it follows that it must fail.

Judgment reversed. Whole Court sitting.