## Dunn et al. v. City Of Murray.

January 27, 1948.

Ira D. Smith, Judge.

Wm. H. Crutcher, Jr. for appellant L. L. Dunn.

Waylon Rayburn for appellant Dewey Jones.

Wells Overby, City Attorney, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In 1934 the City of Murray purchased from private owners a system of sewers serving the residents of the City, and to finance its cost issued revenue bonds, $48,-000.00 of which are now outstanding. In the year 1942 the City purchased from private owners a waterworks system, and financed its cost by the issuance of revenue bonds, $155,000 of which are now outstanding. The sewer revenue bonds are not redeemable until their due date, and the ordinance authorizing the issuance of said bonds, as well as the bonds themselves, provides that they shall constitute a superior lien on the revenues received by the City for the use of the sewers. Both the sewer bonds and the waterworks bonds bear interest at the rate of 4% per annum. Upon the acquisition of the waterworks, the City combined its operation with that of the sewer system, thus reducing the cost of operation and the billing and collecting of charges for the use of both systems. In the past few years the population of the City has increased, due to the construction of Kentucky Lake, growth of the Murray State Normal School, and the construction of several industrial plants; consequently, it now is necessary to in-

crease the facilities of the waterworks and sewerage system in the interest of the public. health of the inhabitants of the City. In order to meet this need, the City has authorized the issuance of $600,000 of waterworks and sewer revenue bonds, bearing 2½% and 2¾% interest, $155,000 of which will be used to retire the outstanding 4% waterworks bonds. The remaining $445,000 will be used to extend and improve the waterworks and sewerage system. The ordinance providing for this issue preserves to the holders of the sewer bonds of the 1934 issue a first and superior lien on the revenues produced by the joint operation. This action was filed for the purpose of testing the validity of the $600,000 bond issue.

Chapter 58 of the Kentucky Revised Statutes, which is an Act of the General Assembly of 1946, provides that any governmental agency (which includes cities and agencies and instrumentalities of cities), singly or jointly with another governmental agency, may acquire, construct, maintain, add to, and improve any public property including waterworks and sewers; and, for the purpose of defraying the cost thereof, such city, agency, or agencies may issue revenue bonds, pursuant to an ordinance of the legislative body of such city. This Act was declared to be constitutional in McKinney v. City of Owensboro, 305 Ky. 253, 203 S. W. 2d 24. Rather than repeat what was there written, we will refer the reader to that opinion. Likewise it was held in that case that the bonds were not obligations of the City within the meaning of Sections 157 and 158 of the Constitution. The projects sought to be joined and financed by revenue bonds in that case were an auditorium, swimming pool, and field house; therein it was held that they were public projects within the meaning of Chapter 58 of the Kentucky Revised Statutes. It can not be contended that a combined waterworks and sewer system to promote the public health of the citizens of a city is not a public project within the meaning of the Act in question.

Our attention has been called to this Court's decision in Jones v. Stearns, Mayor, et al., 275 Ky. 729, 122 S. W. 2d 766. Therein the City of Burkesville sought to construct a sewer system, and to pledge the income from bonds in a combined sewer and water-

works system to pay interest on and amortize bonds issued to construct the sewer system and to retire outstanding bonds which were charges against the income of the waterworks system. In that case it was held that there was no statutory authority for the City to pledge the income of its waterworks to secure the debt of a sewer system. But that decision was rendered prior to the enactment of Chapter 58, KRS, wherein the specific authority has been granted.

We have carefully read the ordinance and bonds which are the subject of this action, and find that all requirements of Chapter 58, KRS have been met. The judgment appealed from, and which approved the bond issue, recites:

"* * * that when said bonds are issued and sold they will constitute a legal, valid and binding obligation of the City of Murray, Kentucky, enforceable according to their import, in the manner provided in the ordinance of November 7, 1947, by which said bonds were authorized and created."

We construe this provision of the judgment to mean that the bonds are not direct obligations of the City, but are such as the City shall be required to pay only out of the revenues of the joint enterprise.

So construed, the judgment is affirmed.