## Fayette County Fiscal Court et al. v. Fayette County, ex Rel., et al.

December 8, 1950.

Joseph J. Bradley, Judge.

J. Harry Stamper and William E. Nichols for appellants.

Paul H. Mansfield for appellees.

JUDGE LATIMER—Reversing.

In order to provide for the adequate disposal of garbage, the Fayette County Fiscal Court passed this order:

"Motion by Commissioner Burke and seconded by Commissioner Gorham that the following resolution be adopted: Be it resolved by the Fiscal Court of Fayette County that the sum of $10,000.00 be, and is hereby appropriated for the purpose of either applying on the purchase price of an incinerator for garbage disposal for the county, or for a tract of land to be used as a landfilled garbage disposal for Fayette County.

"Motion carried by the following vote: Aye, Judge William E. Nichols, Commissioners Gorham, Burke and McKinley."

In order to test the legality of the order and appropriation, Paul H. Mansfield, County Attorney, appealed to the Fayette Circuit Court seeking a declaration of rights and praying that the order be adjudged void on the ground that the Fiscal Court was without right or authority to make such an appropriation.

Defendants answered admitting allegations of fact and also asked for a binding declaration of rights.

Appellant, J. Harry Stamper, filed his intervening petition alleging that he was a resident and taxpayer of Fayette County, and stating that he sought to intervene on behalf of himself and all other taxpayers. He alleged

that the Fiscal Court has the power to spend money to dispose of garbage in order to eliminate a health menace, and that he and the other taxpayers are vitally interested in the spending of the County's money and in ridding the community of the health menace occasioned by inadequate garbage disposal. The court permitted him to file his intervening petition.

No evidence was introduced and the cause was submitted on the pleadings. The court adjudged that the Fiscal Court was without power, either expressed or implied, to appropriate such money, and that the order was invalid. From that judgment this appeal is prosecuted.

Appellants take the position that the Fiscal Court was acting within its power and authority pursuant to Chapter 58 of our Statutes. They further contend that, even though limited to 67.080 of the Kentucky Revised Statutes, which enumerates the powers of the fiscal court, the Fiscal Court impliedly had the authority to pass this order because same is reasonably necessary to carry out the statutory obligations of the County and its agencies as the guardian of the health of the people.

We have the benefit of a strong and splendidly written opinion by the lower court. As basis for the decision, the court said:

"In the intervenor's brief it is argued that Chapter 58 of the Kentucky Revised Statutes (being KRS 58.010 et seq.) grants to the Fiscal Court the express power to make this appropriation. A reading of this statute, providing for the acquisition of public projects by governmental agencies through revenue bonds, shows that it has no application to the question herein involved.

"In the absence of such express power, we must look to the provisions of KRS 67.080 to determine whether therein lies an implied power resting in the Fiscal Court to make such use of public funds."

Appellants are insistent that the court is wrong in its interpretation of Chapter 58 of Kentucky Revised Statutes, and that the title of the Act indicates a different legislative intent. The title of the Act reads: "An Act authorizing the acquisition, construction, maintenance, extension and improvement of public projects, and

the renting or leasing thereof, by governmental units, agencies and instrumentalities; providing for the acquisition of property for a public project by condemnation; and authorizing the issuance of tax free revenue bonds for public projects, and the use of tax revenues and other funds for such projects."

The title indicates that there is such power expressly provided if it be determined that garbage disposal facilities come within the definition of "public project." A "public project" is defined in KRS 58.010 as follows:

"(1) 'Public project' means any lands, buildings or structures, works or facilities suitable for and intended for use as public property for public purposes or suitable for and intended for use in the promotion of the public health, public welfare or the conservation of natural resources, including the planning of any such lands, buildings, structures, works or facilities, and shall also include existing lands, buildings, structures, works and facilities, as well as improvements or additions to any such lands, buildings, structures, works or facilities.

"(2) 'Governmental agency' means the Commonwealth of Kentucky as such acting by or through any department, instrumentality or agency thereof, or any county, city, agency or instrumentality or other political subdivision of the Commonwealth, or agency, or instrumentality thereof."

Obviously, the definition encompasses such a project as is involved in this case.

KRS 58.020 provides: "A governmental agency acting separately or jointly with one or more of any such agency, may acquire, construct, maintain, add to and improve any public project as defined in KRS 58.010, which public project may be located within or without or partly within and partly without the territorial limits of such governmental agency or agencies, and for the purpose of defraying the cost thereof may borrow money and issue negotiable revenue bonds."

We call attention to the provision that the governmental agency may borrow money and issue negotiable revenue bonds for the purpose of defraying the cost of the public project. The use of the word "may" indicates that this is not obligatory.

KRS 58.130 provides: "Any governmental agency may use, for the purpose of acquiring, constructing, maintaining, extending or improving a public project, or for the payment of interest or principal on any revenue bonds issued by the agency pursuant to KRS 58.010 to 58.140, any funds or tax revenues available for general purposes of the agency and not required by law to be devoted to some other purpose."

It will be seen from the above that the governmental agency may, for the purpose of acquiring, constructing, maintaining, extending or improving a public project, use any funds or tax revenue available for general purposes of the agency, and not required by law to be devoted to some other purpose. The Act goes so far as to provide that in the event revenue bonds have been issued, such funds or tax revenues available for general purposes may be used in payment of interest or principal on those bonds. However, we need not go into that phase of the matter since no revenue bonds are being issued in the instant case. The constitutionality of this Act was upheld in McKinney v. City of Owensboro, 305 Ky. 254, 203 S. W. 2d 24. It will be noted, however, that the Owensboro case was addressed to the question of power to issue bonds and did not involve power to acquire public projects without the issuance of bonds. See also Dunn, et al., v. City of Murray, 306 Ky. 426, 208 S. W. 2d 309; Hill, et al., v. City of Providence, 307 Ky. 537, 211 S. W. 2d 846; Walker, et al., v. City of Maysville, 310 Ky. 118, 220 S. W. 2d 96; and City of Hazard, et al., v. Salyers, et al., 311 Ky. 667, 224 S. W. 2d 420.

It is quite apparent that the objective is the acquisition, construction, maintenance, extension, and improvement of property for public projects. It cannot be persuasively argued that the legislative intent was to oblige these governmental agencies to issue revenue bonds to pay for these projects. The provision was that the bonds may be issued for that purpose. On the other hand, if the cash is available, KRS 58.130 provides for the use of funds or tax revenues available for general purposes to pay for these public projects when such available funds or revenues are not required by law to be devoted to other purposes.

We think clearly this to be a public project within the meaning of the statute above. We think also that

the governmental agency may pay for same out of available funds not required by law to be devoted to some other purpose, or it might issue tax free revenue bonds for that purpose.

We conclude, therefore, that the court below was laboring under a misapprehension of Chapter 58 of the Kentucky Revised Statutes by holding same inapplicable here. This conclusion obviates a consideration and discussion of the questions raised and authorities cited as to implied power under Chapter 67 of our Statutes.

The judgment is reversed for the entry of judgment consistent with this opinion.