TIERNEY, Jefferson County Treasurer v. SHAMBURGER, Judge, Jefferson County Court, et al.

Court of Appeals of Kentucky.

June 22, 1951.

Ben F. Ewing, Louisville, for appellant.

Lawrence G. Duncan, Louisville, for appellee.

STANLEY, Commissioner.

Jefferson County, by its fiscal court, proposes to join the Louisville and Jefferson County Metropolitan Sewer District and the State Department of Highways to "widen, deepen, straighten and realign the South Fork of Beargrass Creek for a distance of 22,600 feet" as a public project under the authority of Ch. 58, Kentucky Revised Statutes. The estimated share of the county is $35,000, all of which is proposed to be paid out of tax revenues. The fiscal court appropriated $500 as an initial expenditure. The County Treasurer questioned the authority to do so, and he and the fiscal court joined in this suit for a declaratory judgment. The circuit court held the enterprise to be valid and the appropriation legal. The appeal tests that judgment.

If the work comes under the statutory definition of a "public project," it must be under these terms of KRS 58.010: "works or facilities * * * suitable for and intended for use in the promotion of the public health, public welfare or the conservation of natural resources," or the improvement or addition to such facilities. An issue of fact was raised. Some witnesses describe the object to be only to aid certain private properties in the area, and that is the argument made against validity.

The creek is a sinuous or tortuous stream, ordinarily in a narrow channel, draining a watershed of 14,000 acres or more. The circuit court found, upon abundant evidence, that a substantial part of the watershed is not at present agriculturally productive or suitable for residential or commercial pur-

poses because of frequent inundation, even by normal rainfall. Some of it has become marshy or crawfish land. Other parts of the area have been developed as residential subdivisions, but some portions are of such character that authority for further development has been refused by public health authorities. More than this, sometimes some of the state highways and county roads have been damaged and at times have been closed until backwater subsided. During these flood periods there is washing and erosion along some sections of the creek. The project, when completed by the fiscal court and the other two public boards, whose authority seems not to be questioned, will contribute to the drainage of a large area of land, some streets and some public roads and, in addition, will serve to promote public health and the common welfare of a populated area. In a lesser degree, it will contribute to the conservation of the soil, and otherwise add considerable value to the land served, with the consequent increase in tax returns.

It is to be considered that the proposed improvements are not within the class of proprietary enterprises embraced in KRS 103.200–103.280 which may be financed by revenue bonds. See Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80, 81, in which it is suggested that such projects may not be financed through the taxing power. The present project must be of a character that permits the use of that power, for it is proposed to finance it with tax revenues.

In Fayette County Fiscal Court v. Fayette County, 314 Ky. 595, 236 S.W.2d 455, we held that the acquisition by a county of an incinerator for the disposal of garbage was such a public project within this statute because it was in the interest of conserving and promoting public health.

Of necessity, such an enterprise as this benefits some persons and their property more than others. But it is generally accepted that where a drainage project reasonably operates for the benefit of any considerable number of inhabitants of an area, it is deemed to redound to the benefit of all of the people. And the improvement and conservation of public health

clearly constitutes a public purpose. This is equally true even though it only relieves from temporary effects of overflow or more serious consequences from the continuous existence of stagnant pools and marshes. 17 Am.Jur., Drains and Sewers, Secs. 6, 7. Consideration must also be given to the fact that the present project will prevent overflow and damage to public roads and will contribute to the development of the economical resources of the entire county. It is clearly of a public character, see Carter v. Griffith, 179 Ky. 164, 200 S.W. 369, and well within the compass of the statute under which the action is proposed to be taken. KRS, Ch. 58. It may be observed that several other statutes specifically recognize one or more of these benefits as being of such public benefit as to authorize the delegation of some of the police powers of the state. KRS, Ch. 220, Sanitation Districts; Ch. 262, Soil Conservation; Ch. 266, Levees, Drainage and Reclamation of Land; Ch. 267 and 268, Drainage and Reclamation.

The judgment is, therefore, affirmed.