**Sinclair DAVIS et al., Plaintiffs,**

v.

**WATER-SEWER AND SANITATION COMMISSION OR COMMISSIONERS OF BOWLING GREEN, Kentucky, etc., Defendants.**

**Civ. A. No. 933.**

United States District Court
W. D. Kentucky,
at Louisville.
May 20, 1963.

Marion E. Vance, Glasgow, Ky., Leland H. Logan, Bowling Green, Ky., for plaintiffs.

G. Duncan Milliken, Jr., John M. Milliken, Milliken & Milliken, Bowling Green, Ky., Charles H. Reynolds, Bell, Orr & Reynolds, Bowling Green, Ky., for defendants.

Before SHACKELFORD MILLER, Jr., Circuit Judge, and SWINFORD and BROOKS, District Judges.

PER CURIAM.

This case having been submitted on defendants' motion to dismiss on the pleadings, exhibits, oral stipulation of counsel and argument of counsel, the court hereby adopts the following findings of fact and conclusions of law:

## FINDINGS OF FACT.

I. The plaintiffs are citizens, residents, voters, taxpayers, and consumers of services of the water and sewer utilities of Bowling Green, Kentucky.

Stipulation of Counsel.

II. The General Council, the legislative body of the City of Bowling Green, enacted Ordinances Nos. 775, 776 and 766 for the purpose of defraying the cost of the construction of a public project; to-wit, the expansion of the sewer system, sewer treatment plant, water system and water pumping stations.

Stipulation of Counsel
Exhibits.

III. In order to finance the above public project, revenue bonds were to be issued and sold which bonds were to be retired from revenue derived from the sale of utility services to be rendered by the municipality.

Exhibits.

IV. These bonds were revenue producing bonds as authorized by Chapter 58 of Kentucky Revised Statutes.

Chapter 58, Kentucky Revised Statutes
Exhibits.

V. The authorization for the issuance and proposed sale of these bonds was not submitted for determination by a vote of the people.

Stipulation of Counsel.

VI. The sole issue of the case is whether the issuance of revenue producing bonds under the provisions of Chapter 58 of Kentucky Revised Statutes is violative of the provisions of Sections 157 and 158 of the Kentucky Constitution and the provisions of the United States Constitution, specifically amendments V, XIV and XV of the United States Constitution.

Stipulation of Counsel.

## CONCLUSIONS OF LAW

■ I. The issuance of revenue producing bonds under Chapter 58 of Kentucky Revised Statutes is not violative of the provisions of Sections 157 and 158 of the Kentucky Constitution.

Dunn et al. v. City of Murray, 306 Ky. 426, 208 S.W.2d 309.

McKinney v. City of Owensboro, 203 S.W.2d 24, 305 Ky. 254.

City of Bowling Green v. Kirby, 220 Ky. 839, 295 S.W. 1004.

Francis v. City of Bowling Green, 259 Ky. 525, 82 S.W.2d 804.

Veail v. City of Louisville & Jefferson County Metropolitan Sewer District, 303 Ky. 248, 197 S.W.2d 413.

Perkins v. City of Frankfort, Ky., 276 S.W.2d 449.

Skidmore v. City of Elizabethtown, Ky., 291 S.W.2d 3.

Klein v. City of Louisville, 224 Ky. 624, 6 S.W.2d 1104.

Grimm v. Moloney, Ky., 358 S.W.2d 496.

Burkholder v. City of Louisville, Ky., 276 S.W.2d 29.

Hill v. City of Providence, 307 Ky. 537, 211 S.W.2d 846.

Walker v. City of Maysville, 310 Ky. 118, 220 S.W.2d 96.

City of Hazard v. Salyers, 311 Ky. 667, 224 S.W.2d 420.

Williams v. City of Barbourville, Ky., 246 S.W.2d 591.

■ II. The ordinances authorizing the issuance and sale of the revenue bonds are not arbitrary or discriminatory and are a valid exercise of the police power of the City of Bowling Green in the protection of the welfare and health of its citizens.

City of Bowling Green v. Kirby, 220 Ky. 839, 295 S.W. 1004.

Francis v. City of Bowling Green, 259 Ky. 525, 82 S.W.2d 804.

■ III. The privilege to vote on state or local issues is within the jurisdiction of the state, to be exercised as the state may direct and upon such terms as it may deem proper, provided that the laws relating thereto are not unreasonable or arbitrary and there is no discrimination between individuals, and provided the privilege is not refused on account of race, color or previous conditions of servitude.

Pope v. Williams and Harper, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817.

Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485.

■ IV. Rates fixed by the municipality for services rendered by a municipally owned utility does not deprive the user of property of his rights under the law, nor is it a taking without due process of law, but is a matter of public policy for the legislature since the property owner receives a special benefit from the construction of the sewer, water lines and plants in the privilege of making use of them.

Carson v. Sewer Commission of Brocton, 182 U.S. 398, 21 S.Ct. 860, 45 L.Ed. 1151.

■ V. Chapter 58 of Kentucky Revised Statutes is not violative of the provisions of amendments V, XIV and XV of the United States Constitution.

Citations Supra.

■ VI. The issuance and sale of the revenue bonds by the City of Bowling Green for the construction of sewer system and water system expansions, the construction of sewer treatment plant and pumping stations without a vote of the people is valid, reasonable and non-

discriminatory, and a proper exercise of the police power of the city within the provisions of the constitution of the United States and the State of Kentucky.

Citations Supra.

## JUDGMENT.

It is ordered and adjudged that defendants' motion to dismiss be sustained and plaintiffs' complaint is hereby dismissed at plaintiffs' cost.