**CITY OF MAYSVILLE, a municipal corporation of the third class, Appellant,**

**v.**

**D. B. COUGHLIN et al., Appellees.**

**CITY OF MAYSVILLE, a municipal corporation of the third class, Appellant,**

**v.**

**Rebekah HORD, Appellee.**

**CITY OF MAYSVILLE, a municipal corporation of the third class, Appellant,**

**v.**

**J. F. HARDYMON CO., per Kenneth Hardymon, Appellee.**

**CITY OF MAYSVILLE, a municipal corporation of the third class, Appellant,**

**v.**

**Frank BRITTEN, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Philip Hargett, James M. Collins, Maysville, for appellant.

Woodson T. Wood, Fox, Wood & Wood, D. Bernard Coughlin, Maysville, for appellees.

WILLIAMS, Judge.

In 1948, the City of Maysville passed an ordinance fixing a sewer rental charge against property owners in the City of Maysville for the purpose of completing, altering and operating the sanitary sewer

system of the City. The ordinance as amended remained in effect until January 1, 1961, at which time the principal and interest on a bond issue were totally retired. These suits were filed by the City of Maysville in an effort to collect from each of the appellees herein, sewer rental charges for the year 1961. The Mason Circuit Court held that the charges ceased when the bonds and indebtedness were retired, and the City of Maysville has appealed.

The controversy revolves around the interpretation of two sections of the ordinance:

"1.  For the purpose of completing, altering and operating the Sanitary Sewer System of the City, it is necessary that a general sewer rental charge be put into effect."

"6.  The fund thereby created may be pledged in whole or in part to secure the payment of any bonds which may be issued from time to time for sewer improvement purposes and the rentals as provided herein or so much thereof as is necessary shall remain in effect so long as the principal and interest of any bonds secured thereby remain outstanding."

The City contends that the word "operating" in Section 1 indicates that the rental charge is a continuing one which should not cease until the sewer system is no longer operated. The City also contends that Section 6 of the ordinance was inserted for the protection of the bondholders to prohibit the City from removing the sewer charge until the bonds were retired and that the section consequently had no effect on sewer rental payments.

Appellees, on the other hand, contend that the word "operating" was inserted to insure payment of maintenance expense during the life of the bonds. They also contend that the meaning of Section 6 is plain, certain and unambiguous, and it is unnecessary to look any further to ascertain its meaning.

In City of Mayfield v. Reed, 278 Ky. 5, 127 S.W.2d 847 (1939), we stated:

"The primary purpose of judicial construction or interpretation of statutes or ordinances is to determine the intent and purposes thereof and if this may be determined from the language of the statute or ordinance, no other rule of construction or interpretation is necessary."

It is apparent the provision in Section 6 that rental charges shall remain in effect "so long as the principal and interest of any bonds secured thereby remain outstanding," overrides any implication that the charges would remain in effect for any longer period of time. Moreover, the logical interpretation of Section 1 is that the rental charges could be used for the purpose of operating the sewer system during the life of the ordinance.

The appellee Frank Britten owned property in the City but no sewer facilities were ever provided or made available to him. As a consequence, he made no sewer rental payment for any period. The City sought in its action against him to recover sewer rental charges for the entire period beginning with the 1948 ordinance. We previously held in Walker v. City of Maysville, 310 Ky. 118, 220 S.W.2d 96 (1949), that this project was a proceeding under Chapter 58 of Kentucky Revised Statutes and upheld the validity of the ordinance. Therein we stated:

"The principal and interest of the proposed bonds shall be payable solely from a fixed amount of gross revenues derived from the operation of the project, and no tax shall be levied for the purpose of paying the principal or interest thereon; * * *."

Under similar circumstances in another case, we held that only property benefited by a sewer improvement should bear the

expense therefor. Krumpelman v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 314 S.W.2d 557, 75 A.L.R.2d 1110 (1958). It follows that the Mason Circuit Court was correct in its finding that no charge should be made against Frank Britten, in view of the fact that no sewer was ever provided for him.

The judgments are affirmed.