**CITY OF HAZARD et al., Appellants,**

v.

**Jesse PAYNE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

Harold Garland Wells, Wells & Wells, Hazard, for appellants.

William Melton, Hazard, for appellees.

DAVIS, Commissioner.

This appeal is prosecuted by the City of Hazard and certain officials of that city seeking reversal of a judgment allowing recovery of slightly more than $15,000 to certain residents of the Lothair section of Hazard. The issues presented will be better understood after a recitation of the factual background.

In 1965 Hazard annexed the town of Lothair. Prior to the annexation, Hazard had outstanding certain bond issues for the financing of the city water and sewer system. A sewer charge was fixed at 90% of the monthly water bill of the patrons of the water and sewer system. There were no sewer services furnished in Lothair, but the 90% charge was assessed and collected against the present appellees by the City of Hazard. This action was undertaken by the appellees seeking to recover the sums they had paid as sewer charges and asking an injunction to prevent further collection of such charges until sewer services were made available to them.

After the issues were joined by the pleadings, the parties took proof by depositions including the introduction into evidence of certain pertinent ordinances of the City of Hazard. On February 24, 1967, the appellees moved for submission of the case for judgment, and the parties filed briefs, although no formal order of submission appears in the record before us.

In due course the trial judge prepared tentative findings of fact and conclusions of law and submitted copies of those findings and conclusions to counsel for the respective parties. In the tentative findings and conclusions, the trial judge announced his intention to render judgment in favor of the City of Hazard and its officials and denying the relief sought by the plaintiff-appellees. Upon receipt of the judge's proposed findings, counsel for the appellees sought and obtained an oral hearing before the court with a view to dissuading the judge from his announced position. Counsel for the appellants was present and participated in the hearing so arranged.

Shortly thereafter, the court entered an order setting aside the submission of the case and providing in part:

"* * * this case is now pending for further preparation so that the Court

may be advised of the remainder of such City ordinances as may be pertinent to the issues in this case and so that the Court may be advised whether there is a payment plan for indebtedness caused solely by the sewer improvements and installations and whether there is a distinct source of revenue for the payment of the sewer construction and sewer improvement indebtedness.

"The plaintiffs are granted until May 1, 1967, within which to complete their proof and the defendants is (sic) granted fifteen days after the plaintiffs have completed their taking."

The present appellants made timely objections to the court's order setting aside the submission of the case and permitting further proof. Further proof was taken which consisted primarily of clarification of the status of certain ordinances which had already been introduced in evidence. To use the language of appellants' brief in describing the additional evidence:

"This consisted of recalling Mr. Townes, and the testimony consisted solely of questions concerning the provisions of ordinances of the City of Hazard which were already in the record, and which had been introduced therein by the appellants. This line of questioning was objected to by appellants on the grounds, among others, that it was repetitious of other testimony and that the ordinances, being a part of the record, spoke for themselves."

After appellees took the supplemental deposition, they filed motion for leave to file an amended complaint. Notice of the motion was timely made, and the amended complaint appears in the record bearing the clerk's certificate as having been filed in her office on April 28, 1967, although no specific court order permitting the filing appears in the record. It is appropriate to observe at this point that appellants refer to the amended complaint in their brief as follows:

"This tendered amended complaint consisted only of allegations as to the substance and provisions of one of the City's ordinances, and the allegation that the appellees were required to pay 90% of their water bill for sewer services without any service from said sewer system."

The trial judge filed supplemental findings of fact and conclusions of law upon which a judgment was entered granting to the plaintiff-appellees the relief sought in their complaint.

It is apparent that the trial judge based his decision upon the rationale of City of Maysville v. Coughlin, Ky., 399 S.W.2d 297, and Krumpelman v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 314 S.W.2d 557, 75 A.L.R.2d 1110. The appellants do not present arguments here suggesting that the court reached an improper result on the merits of the case, but maintain that once the judge had taken the case under submission and had indicated that he would decide the case for appellants it was an abuse of his discretion for him to seek further proof and to change his mind. We think this argument must fall of its own weight in the absence of a showing that the court committed prejudicial error in its ultimate decision on the merits. It will be recalled that no judgment had been entered when the trial court permitted additional proof. In light of CR 59.04 which affords a trial court the right and opportunity of its own initiative to order a new trial no later than ten days after entry of judgment for any reason for which it might have granted a new trial, it is difficult to understand how it may be argued that a trial court may not order supplemental proceedings *before* the entry of judgment. Appellants concede that trial courts are vested with the right to exercise a sound discretion in setting aside orders of submission, but contend that the court abused that discretion here. We are not so persuaded. The court was abundantly warranted in undertaking to decide the issues correctly; the appellants do not contend that the court decided them incorrectly

but insist that the court was bound to adhere to its original tentative findings in favor of appellants. There is no suggestion of caprice or other injudicious motivation upon the part of the trial court.

As respects the contention that the court erred in treating as confessed the allegations of the amended complaint, it suffices to say that by appellants' own statement there was nothing in the amended complaint except explanatory matter of ordinances already in the record. Although no formal order appears specifically granting permission to file the amended complaint, there was no objection to its filing, and the trial judge did advert to it in his supplemental findings of fact and conclusions of law. But it may not be said that the court's decision on the merits of the case was premised on the amended complaint, and more importantly, even if it were, there is no contention that the judgment was incorrect as a matter of fact or law.

The judgment is affirmed.

All concur.