# City of Olive Hill v. Public Service Commission et al.

June 20, 1947.

William B. Ardery, Judge.

H. R. Wilhoit and R. T. Kennard for appellant.

Ora F. Duvall, Dennis B. Wooton, Assistant Attorney General, Pritchard & Ardery, C. L. Hobson and Smith & Leary for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This appeal presents two questions: (1) Whether or not the Public Service Commission (hereinafter referred to as the Commission) had jurisdiction to order the City of Olive Hill (hereinafter referred to as the City) to cease selling and distributing electric current to patrons outside but contiguous to the city limits, and (2) whether or not the Commission should have issued certificates of convenience and necessity to the Fleming-Mason Electric Cooperative Corporation (hereinafter referred to as REC) and the Kentucky West Virginia Power Company (hereinafter referred to as the Company) to serve these customers outside the city. The Franklin Circuit Court answered both questions in the affirmative and the City appeals.

The record shows that Olive Hill, a fourth-class city, originally owned and operated an electric plant from which it sold surplus current to patrons residing just outside of the city limits through lines which these patrons constructed. About the year 1926, the City discontinued its generating plant and purchased electricity from the Company, with which it supplies its citizens as well as its patrons who reside without the city. At the time this controversy arose the City was furnishing electricity to some 805 customers, of whom 446 resided within and 359 outside the city; thus, about 45% of the customers resided beyond the corporate limits. It further appears that the sale of electricity was quite a profitable enterprise and one from which the City derived much of the revenue with which it met its municipal obligations.

In 1946, some 80 patrons residing without the city filed petitions with the Commission complaining of the rates charged and service rendered by the City. They asked the Commission to conduct a hearing and to allow them to contract with some other source of supply which would render adequate service at a lower rate. Where-

upon, the Commission on July 17, 1946, issued a "show cause order" directed to the City to answer on or before Aug. 22, 1946, and at a hearing on that date to show its legal authority to sell and distribute current without the city. The order further directed REC and the Company to show cause why they should not be required to extend their lines to serve these patrons who resided beyond the city limits.

In answer to this "show cause order" the City pleaded that the Commission had no jurisdiction over it; that it had legal authority to furnish current to patrons residing beyond its boundary and was doing so in a satisfactory manner, and there was no necessity to require any other firm or corporation to furnish service, and to do so would result in great harm to the City. The petitioners replied to the City's answer and pleaded it was furnishing inadequate service at excessive rates and asked that the "show cause order" be amended so as to require the City to show cause why its rates should not be reduced. The REC and the Company both answered the "show cause order" and pleaded they were ready and able to furnish service to these patrons and asked authority from the Commission so to do. The City's response to the answer of REC contained practically the same averments as its original answer, but we do not see where it replied to the Company's pleading.

After this hearing, the Commission entered an order on Dec. 13, 1946, holding that the City was without authority to purchase electricity at wholesale and distribute same outside its corporate limits, and ordered the City to discontinue so doing as soon as the REC and the Company constructed lines to serve these patrons, which the latter were granted certificates of convenience and necessity to do. The patrons who resided beyond its corporate limits were divided by the order between REC and the Company upon certain terms and conditions set out in the order, which are not necessary to here state. The Franklin Circuit Court sustained the order of the Commission and it is from it that this appeal is taken.

The City insists that the powers of the Commission are purely statutory and are limited to the regulation of the rates and service of utilities; that under KRS 278.-010 (3) utilities operated by cities are exempt from

regulation by the Commission, and that the latter is without jurisdiction to determine whether the City was acting ultra vires in selling electricity to suburban patrons; that the Commission was without authority to conduct a hearing on granting certificates of convenience and necessity to REC and the Company without notice to the City.

The Commission, as well as the attorney representing the complainants who filed the petitions against the city, frankly admit that under KRS 278.010 (3) the City is exempt from regulation by the Commission while furnishing electricity to patrons within its boundary. But relying upon KRS 96.190 and City of Henderson v. Young, 119 Ky. 224, 83 S. W. 583, 26 Ky. Law Rep. 1152; Dyer v. City of Newport, 123 Ky. 203, 94 S. W. 25, 29 Ky. Law Rep. 656; City of Mayfield v. Phipps, 203 Ky. 532, 263 S. W. 37; Jefferson County Fiscal Court v. Jefferson County, 278 Ky. 785, 129 S. W. 2d 554, 122 A. L. R. 1151; Smith v. City of Raceland, 258 Ky. 671, 80 S. W. 2d 827; Fleming-Mason Rural Elec. Co-op. Corp. v. City of Vanceburg, 292 Ky. 130, 166 S. W. 2d 269; Board of Councilmen v. White, 224 Ky. 570, 6 S. W. 2d 699, they urge that the City is without legal authority to operate and maintain a distribution system by which electricity is furnished to patrons outside the corporate limits, therefore the Commission has authority to order the City to cease rendering such service.

We agree with the City that the Commission's powers are purely statutory and are limited to the regulation of rates and service of utilities. KRS 278.040(2); Public Service Commission v. Blue Grass Natural Gas Co., 303 Ky. 310, 197 S. W. 2d 765, and authorities therein cited. It follows that the Commission was without jurisdiction to determine that the City has no legal right or authority to supply patrons beyond the corporate limits and to order it to cease so doing. This is a question for a court of original jurisdiction and not the Commission; therefore, the Franklin Circuit Court erred in holding that the Commission possessed this authority. On this appeal the only question presented is whether or not the Commission acted within its powers. Federal Trade Commission v. Eastman Kodak, 274 U. S. 619, 47 S. Ct. 688, 71 L. Ed. 1238, and the authorities therein cited.

We cannot agree with the City that it had no notice that the Commission would conduct a hearing on whether or not certificates of convenience and necessity would be granted to REC and the Company. The pleadings, to which reference has been made in the fore part of this opinion, show that the City had such notice—indeed, whether or not certificates of convenience and necessity would be issued to appellees was one of the two principal issues before the Commission at the hearing, as is shown by the pleadings. When the City supplied current outside its corporate limits, its exemption from regulation as to rates and service by the Commission ceased, and the City came within the jurisdiction of the Commission and was subject to such regulation by it. Milligan v. Miles City, 51 Mont. 374, 153 P. 276, L. R. A. 1916C, 395; Star Investment Co. v. City & County of Denver, P. U. R. 1920B, p. 684; Re City of Laurel, P. U. R. 1921D, p. 817. This being true, the Commission should have required the City to make its rates reasonable and its service adequate rather than to have granted certificates to appellees to enter the field in which the City was already operating.

Whether or not the City was acting ultra vires in supplying current beyond its boundaries is a question not now before us and one upon which we express no opinion. While the Commission is without jurisdiction to determine whether the City is exceeding its authority in furnishing electricity to these nonresidents, it does have jurisdiction to regulate rates and service on the current the City supplies nonresidents, and this it should do so long as the City continues such service. Should a court of competent jurisdiction hold that the City was acting ultra vires in rendering this service, then it will be proper for the Commission to grant certificates of convenience and necessity to another, or to others.

The manifest purpose of a public service commission is to require fair and uniform rates, prevent unjust discrimination and unnecessary duplication of plants, facilities and service and to prevent ruinous competition. The courts generally deny the right of utilities to duplicate service. People of State of New York ex rel. Woodhaven Gas Light Co. v. Public Service Commissioner of New York, 269 U. S. 244, 46 S. Ct. 83, 70 L. Ed. 255.

While courts will not substitute their judgment for that of a public service commission as to the necessity for extensions or additional service, they do consider the advantages to the public, the cost and effect on the company's income and the due process clause, and if it appears that the right to regulate was so used as to pass beyond a reasonable judgment and infringe upon the rights of ownership, the order of the commission will be set aside. People of State of New York ex rel. New York & Q. Gas Co. v. McCall, 245 U. S. 345, 38 S. Ct. 122, 62 L. Ed. 337; United States Fuel & Gas Co. v. Public Service Commission, 103 W. Va. 306, 138 S. E. 388, 52 A. L. R. 1104.

As the Commission was without jurisdiction to order the City to cease this service, which was a question that could only be decided by a court of competent original jurisdiction, and as the Commission (so long as the City is not prevented by a court from operating beyond its boundaries) should have regulated the rates and compelled the City to give adequate service to patrons residing without its limits rather than to have issued certificates of convenience and necessity to appellees, the judgment of the Franklin Circuit Court upholding the order of the Commission is hereby reversed, and the case is sent back to the Commission for action in conformity with this opinion.

The judgment is reversed.