## FRALEY v. BEAVER–ELKHORN WATER DIST. et al.

Court of Appeals of Kentucky.
Feb. 20, 1953.

As Modified on Rehearing May 8, 1953.

Gardner & Rose, West Liberty, for appellant.

W. W. Burchett, Prestonsburg, for appellees.

·CULLEN, Commissioner.

Ray Fraley, a resident and "taxpayer" of the Beaver-Elkhorn Water District, brought an action against the district seeking a declaration of rights concerning the constitutionality of a 1952 legislative Act under which the district acquired the power to construct and operate a gas distribution system, and concerning the validity of certain steps taken by the district towards the construction and financing of a gas system. The court declared that: (1) the 1952·Act is constitutional; (2) the gas system is a "public project" for which revenue bonds may be issued under the 1952 Act and under KRS Chapter 58; (3) the district is not required to obtain a certificate of convenience and necessity from the Public Service Commission; and (4) the bond ordinance adopted by the district is valid.

Fraley has appealed, questioning the correctness of the judgment on all four points.

The Beaver-Elkhorn Water District was established under KRS Chapter 74. That chapter provides that the county court may order the establishment of a district upon petition of 75 resident freeholders of a described territory, after notice, hearing, and an opportunity for other residents of the territory to object. KRS 74.010. The district has power to acquire a water system, levying assessments on the benefitted property in the district for the cost thereof, and to charge rates for water service to the users of the system.

By Chapter 133 of the Acts of 1952, the legislature provided a method by which a water district may be given the power to acquire and operate a gas distribution system. This method is the same as the method provided in KRS Chapter 74 for the organization of a water district, consisting of a petition by 75 freeholders to the county court, notice, hearing, and opportunity to object. The 1952 Act states that the water district commissioners shall have all of the powers, as regards the gas distribution system, that they possess concerning the water system, and, in addition, they may issue rev-

enue bonds under KRS Chapter 58 for the acquisition of a gas system or a water system.

Under the procedure prescribed in the 1952 Act, the county court entered an order authorizing the Beaver-Elkhorn Water District to acquire and operate a gas distribution system. The commissioners of the district then adopted an ordinance providing for the issuance of revenue bonds in the amount of $200,000, for the acquisition of a gas system. The ordinance provides that the bonds are payable solely from the revenues of the proposed gas system, and do not constitute an obligation of the district or a charge against its water system.

The constitutionality of the 1952 Act is questioned by the appellant on the ground that the water district was created for a special purpose, upon petition of residents who were interested only in a water system, and that the enlargement of the functions of the district to include the operation of a gas system will impose burdens and obligations upon the residents to which they did not consent. It is further argued that the district may "mortgage" its water system to finance the acquisition of the gas system.

■ We find nothing unconstitutional about the 1952 Act. The procedure by which a water district is given the power to acquire and operate a gas system is exactly the same as that by which the water district is created in the first instance. Unless the district chooses to issue revenue bonds for a combined water and gas system, pledging the revenues of both systems for the one bond issue, the gas system will be wholly independent of the water system, except for administration, and will not impose any burdens upon the property within the district that could not have been imposed had the legislature authorized the establishment of a separate gas district embracing the same territory as a water district.

■ It is generally recognized that improvement districts may be created by the legislature without regard to the consent of the residents of the district. 63 C.J.S., Municipal Corporations, § 1360(a), p. 1099. It is also recognized that the legislature may authorize several improvements to be joined in one district. 63 C.J.S., Municipal Corporations, § 1361(c), p. 1102.

As concerns the combining of a gas system and a water system in one revenue bond issue, this court has approved such combining of a water system and a sewer system in Dunn v. City of Murray, 306 Ky. 426, 208 S.W.2d 309; and of a waterworks system and a field house, in City of Hazard v. Salyers, 311 Ky. 667, 224 S.W.2d 420.

■ The question of whether a gas distribution system is a "public project," for which revenue bonds may be issued under KRS Chapter 58, presents no difficulty. The 1952 Act states specifically that the acquisition of a gas system by a water district may be financed through the issuance of revenue bonds under KRS Chapter 58. Therefore it is immaterial whether, under the terms of KRS Chapter 58 alone, a gas system would be a public project.

■ The judgment declares that the water district is completely exempt from the jurisdiction of the Public Service Commission, in the acquisition and operation of a gas system. In this respect we think the judgment is erroneous. Under KRS 278.-010, the district is exempt from regulation by the Public Service Commission in the *operation* of a gas system within the boundaries of the district. However, under the decision in City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68, the district will be subject to regulation to the extent that it provides gas service to consumers outside the boundaries of the district (as it appears it may do under the 1952 Act).

■ Also, if "acquisition" of the gas system is to be accomplished by means of constructing a new system, rather than buying an existing system, a certificate of convenience and necessity for the construction must be obtained from the Public Service Commission. City of Vanceburg v. Plummer, 275 Ky. 713, 122 S.W.2d 772; KRS 278.020.

■ The petition of the plaintiff in this action asked for a declaration as to whether the bond ordinance of the district is valid, and the judgment declared the ordinance

to be valid. However, the petition did not in any way suggest in what respects the ordinance might be invalid, nor do the pleadings as a whole disclose any real controversy concerning its validity. Neither party makes any real claim that the ordinance is invalid. Under these circumstances, the court is sought to be placed in a position where it either must blindly approve the ordinance, or must search the record and the authorities for any possible defects in the ordinance. There is no reason why the court should accept this burden. We refuse to accept it, and it is our opinion that the lower court likewise should have rejected it. Section 639a–6, Civil Code. However, in taking this position, we do not mean to suggest that there is some lurking invalidity in the ordinance.

The judgment is reversed insofar as it holds that the water district is completely exempt from the jurisdiction of the Public Service Commission, and insofar as it approves the validity of the bond ordinance, with directions to enter judgment in conformity with this opinion. In other respects the judgment is affirmed.