## LOUISVILLE WATER CO. et al. v. PRESTON STREET ROAD WATER DIST. NO. I et al.

Court of Appeals of Kentucky.
March 13, 1953.

Morris & Garlove, Charles W. Morris, Gilbert Burnett, Alan N. Schneider and Harris Coleman, Louisville, for appellants.

Robert L. Sloss, R. Davis McAfee, Edward T. Ewen, Jr., Wyatt, Grafton & Grafton, Allen, McElwain, Dinning & Clarke, J. Donald Dinning, Bullitt, Dawson & Tarrant, Louisville, for appellees.

STEWART, Justice.

There is only one issue presented on this appeal: Are the rates and services of appellant, Louisville Water Company, hereinafter referred to as "Water Company," for water sold to consumers outside the corporate limits of the City of Louisville, subject to the jurisdiction of the Public Service Commission, hereinafter referred to as "Commission," under the provisions of KRS Chapter 278?

This action was brought by three water districts organized under KRS Chapter 74 and by two cities, each of which is located in Jefferson County outside the city limits of Louisville. The Water Company is the sole source of supply of pure water to more than 15,000 individual homes and businesses in the areas above mentioned. The three water districts and the two cities serve some 4,000 of such consumers, and the Water Company directly supplies approximately 11,000 of such water users. Perhaps between 60,000 and 70,000 persons are affected by the water service under consideration.

On December 11, 1939, the Water Company put in effect its present schedule of city rates and at that time fixed county rates at 125% of city rates. On July 1, 1946, the Water Company, without increasing city rates, raised county rates to 150% of city

rates. On June 23, 1952, the Water Company, leaving city rates at the 1939 level, adopted a new schedule of rates which would increase the water rates paid by county consumers from 33⅓% to 64%, depending on the volume of consumption. An examination of a tabulation of rates filed with the record indicates county consumers would be paying from 201% to 241% of the city rates if the intended raises are placed in force. The new schedule of rates was to become effective on and after July 1, 1952, and it was this proposed alteration in county rates that precipitated this litigation.

The petition sought a declaration of rights under Sections 639a–1 et seq., of the Civil Code of Practice to the end that the rates and services of the Water Company outside the corporate limits of Louisville are subject to the jurisdiction of the Commission, and the prayer in substance asked that the rate increases last mentioned be enjoined unless and until approved by the Commission. The Chancellor decreed the Water Company subject to regulation by the Commission as to its rates and services without the city limits and enjoined the inauguration of the new rate schedule in accordance with the prayer of the petition. The Water Company has appealed.

The Water Company argues, and not without some persuasion, that the legislative exemption of city-owned utilities from regulation by the Commission, set forth in KRS 278.010, implies no distinction between services rendered within and without the corporate limits of a city. The following definition and proviso contained in the foregoing section are relied upon to sustain this position:

"(3) 'Utility' means any person, except a water district organized under Chapter 74 or a city, who owns, controls, operates or manages any facility used or to be used for or in connection with:

*   *   *   *   *   *

"(d) The diverting, developing, pumping, impounding, distributing or furnishing of water to or for the public, for compensation; * * *."

Although learned counsel for the Water Company insist that the foregoing language is susceptible of only one interpretation, which is that cities are not utilities subject to the jurisdiction of the Commission, this Court has construed the above provisions to mean that cities are free of regulation by the Commission only within their corporate limits. In the fairly recent case of City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68, 71, we had before us the question of whether or not the Commission had control over the rates charged and the service rendered by Olive Hill in respect to electric current supplied to persons residing outside its city limits. The City of Olive Hill pleaded, just as the Water Company has done here, that under KRS 278.010(3) utilities operated by cities are exempt from regulation by the Commission. This contention was answered in that case in these words:

"When the City supplied current outside its corporate limits, its exemption from regulation as to rates and service by the Commission ceased, and the City came within the jurisdiction of the Commission and was subject to such regulation by it.

* * * * * *

"* * * While the Commission is without jurisdiction to determine whether the City is exceeding its authority in furnishing electricity to these nonresidents, it does have jurisdiction to regulate rates and service on the current the City supplies nonresidents, and this it should do so long as the City continues such service."

But, the Water Company brands the excerpts we have just quoted as nothing more than dicta, because it claims the question involved here was not before this Court in the Olive Hill case and, besides, its determination was not necessary to a decision of the issues raised in that appeal. The opinion refutes the assertion of the Water Company with this language:

"In 1946, some 80 patrons residing without the city filed petitions with the Commission, complaining of the *rates charged and service rendered* by the City. They asked the Commission to conduct a hearing and to allow them to contract with some other source of supply which would render adequate service at a lower rate. * * *"

Furthermore, an examination of the record of the Olive Hill case can leave no doubt in one's mind that one of the main questions raised by the city there was whether or not the extra-territorial operation of a municipally-owned utility was exempt from regulation by the Commission. This Court could not have been more positive in its answer to this question when it held that the Commission had jurisdiction to regulate the rates and services of a city supplying electric current to consumers residing beyond the city limits.

■ It is next insisted that, because the Commission has never assumed jurisdiction over the rates and services of the Water Company since the passage of the applicable Act in 1936, of which KRS 278.010 (3)(d) is a part, this amounts to an acknowledgment by contemporaneous construction that the Water Company has the right to fix water rates outside the city. We cannot accept this theory. The Commission acts upon a complaint duly filed with it or it may investigate upon its own motion in the initiation of a rate case. See KRS 278.260. However, the mere fact that the Commission has failed to exercise a power granted to it can scarcely be treated as evidence that there has been effective, contemporaneous, administrative construction of the law upon which the power is based. But, aside from all this, in the Olive Hill case this Court has judicially construed the law in question in such a manner that it rebuts the Water Company's argument on this point.

■ This case boils down to the question as to whether or not the Olive Hill case is determinative of the one issue raised here. We hold that it is and that we are bound by the doctrine clearly set forth in it. It follows that the Commission has jurisdiction over the rates charged and the services rendered by the Water Company as regards water furnished to consumers

residing outside the city limits of Louisville. The Water Company was properly enjoined under the circumstances from fixing rates applicable to water users beyond the city boundary.

Wherefore, the judgment is affirmed.