CITY OF RICHMOND, Kentucky, et al.,
Appellants,

v.

PUBLIC SERVICE COMMISSION of
Kentucky et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Nov. 16, 1956.

James S. Chenault, H. D. Parrish, Richmond, for appellants.

Shackelford & Burnam, Shumate & Shumate, Richmond, Moloney, Moloney & Hurst, Lexington, J. Gardner Ashcraft, Asst. Atty. Gen., for appellees.

STANLEY, Commissioner.

The City of Richmond owns its water and gas facilities and operates them through its Board of Public Works. These commodities have been sold and distributed to several suburbs outside the city limits. By ordinances of May 21 and December 15, 1952, the Council established a schedule of increased water and gas charges and provided that consumers located outside of the city limits should pay $33\frac{1}{3}\%$ more than consumers within the city. Theretofore there had been no difference in the rates or charges. A number of suburban patrons filed a complaint with the Public Service Commission in which they stated the city had not complied with the provisions of the statutes, chapter 278, KRS, and charged the rates established by the city for services to nonresidents were excessive and discriminatory. They asked that body to fix reasonable rates therefor.

It was shown that Richmond does not own any water or gas distribution facilities

beyond its city boundary but distributes these commodities to such nonresident consumers through mains and pipes and other facilities which were constructed or installed by these individuals and groups of individuals at their own expense; that the city does not maintain or control these privately owned distribution facilities or any mains or pipes beyond its corporate limits; that the privately owned and maintained water and gas lines are connected by valves located within the city, and each separate area or subdivision laying outside the corporate limits can be shut off from consumption of water or gas without affecting the service to resident consumers. The only control or dominion the city has exercised over these facilities is to prescribe and enforce minimum standards. The city reads the meters which are owned and installed by consumers and bills the consumers for quantities of water and gas used.

The Public Service Commission found as a fact that the city does not operate these facilities beyond its corporate limits and held it was without authority or jurisdiction to regulate the service rendered nonresident patrons and, accordingly, dismissed the complaint.

The aggrieved consumers appealed to the circuit court. After trial, the court found the essential facts to be the same as the foregoing. It further found (as was undisputed) that the Public Service Commission had never been notified of any proposed change in the rates in accordance with KRS 278.180, nor had the city complied with the provisions of the statute relating to the establishment of service rates by the Commission. The court adjudged that the Public Service Commission has the exclusive jurisdiction to fix the rates that may be charged by the city to consumers located outside its corporate limits; hence, that the Commission should not have dismissed the complaint filed with it. The ordinances were adjudged to be void and of no effect insofar as they apply to consumers outside the corporate limits of Richmond. The city and its Board of Public Works appeal from that judgment.

■ By specific provision, the Public Service Commission has no authority over a public utility or service facility which is owned, controlled, operated, or managed by a city. KRS 278.010(3). The controversy is how far the exemption goes in relation to nonresident patrons. This court has construed the statute as not exempting a city from regulation by the Public Service Commission of extraterritorial operations, including rates and service of a municipally owned utility. City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W. 2d 68; Louisville Water Co. v. Preston Street Road Water District No. 1, Ky., 256 S.W.2d 26; Fraley v. Beaver-Elkhorn Water District, Ky., 257 S.W.2d 536.

The appellants ably argue that these opinions are unsound and should be overruled. They maintain, in any event, the decisions are inapplicable in the present case because Richmond sells and delivers the commodities within its boundary and does not sell or distribute them outside its own limits.

■ The court has considered the arguments of attack upon the Olive Hill case (the others cited merely following it) and concluded that the opinion is a proper interpretation of the exemption provision of the statute, KRS 278.010(3). It is presumed the Legislature has been acquainted with this construction of its Act, so we are fortified in the belief that the construction is proper by the fact that the General Assembly has had several sessions during the nine years since the decision was rendered and has impliedly acquiesced in our interpretation as to its intent by not having amended the statute. While the failure to do so is not conclusive, it is very persuasive. Cave Hill Cemetery Co. v. Gosnell, 156 Ky. 599, 161 S.W. 980; Reeves v. Louisville Gas & Electric Co., 290 Ky. 25, 160 S.W.2d 391.

■ The court sees no realistic factual difference in this case and our previous cases or, indeed, in the general idea of a city disposing of what has been somewhat fictionally called its surplus water and gas supply so as to bring the municipality within the jurisdiction of the Public Service Com-

mission over such non-municipal operations. In those several cases the electricity or water was distributed beyond the city limits through private lines. In the present case it is true that Richmond releases the water and gas through valves located inside its boundary into the private mains and facilities through which they pass and are distributed to the individual consumers. The city furnishes the pressure which moves the commodities through these lines and measures the quantities at the individual meters. This is not a wholesale disposal or distribution of the water and gas to the respective suburbs or to the groups of consumers as unified communities. Probably by this way of doing business by retail the aggregate of the collections (involving higher rates for minimum consumption) is greater than would be were the commodities sold in bulk within the city. The city draws as an analogy to the present operations a farmer coming to town and getting a tank load of water and hauling it home. The aptness of the illustration fades away by consideration of the fact that the farmer pays for the water in the city, furnishes his own power of transportation and suffers the loss from whatever leakage or loss occurs en route. Here the city furnishes the motive power for delivering the commodities, suffers any loss which may result from leakage en route and measures the quantities sold at the meters in the suburbs.

The facts in City of Covington v. Sohio Petroleum Co., Ky., 279 S.W.2d 746, are not materially or realistically different from those in the present case. The question was the construction of ordinances prescribing different rates for resident and nonresident consumers of water. The water was consumed at the company's refinery located outside the city limits but was taken from the city main at a point located within the corporate limits. It passed through a line which had been installed at the cost of the city (and herein is the only difference) to the company's meter located at the refinery. The company would have been entitled to a lesser rate if the point of consumption was at the point where the water was taken from the main within the city. We held,

however, that the location of the meter was the point of consumption for it was there that the water was taken from the mass and measured and consumed. We held, on the authority of the Olive Hill and other cases cited, that the Covington ordinances were ineffective in fixing rates for nonresidents because the Public Service Commission had exclusive jurisdiction over the matter of rates.

We are of opinion, therefore, that the judgment appealed from is correct and it is affirmed.