**LOUISVILLE WATER COMPANY, a Corporation, Appellant,**

**v.**

**PUBLIC SERVICE COMMISSION of Kentucky et al., Appellees (two cases).**

Court of Appeals of Kentucky.

Feb. 21, 1958.

Rehearing Denied Dec. 12, 1958.

**538**

Morris & Garlove, Charles W. Morris, Louisville, Funk, Chancellor & Marshall,

Thomas F. Marshall, Frankfort, for appellant.

Jo M. Ferguson, Atty. Gen., J. Gardner Ashcraft, Asst. Atty. Gen., for Public Service Commission.

W. Scott Miller, W. Scott Miller, Jr., Louisville, for Home Builders of Louisville, Inc. and others.

CULLEN, Commissioner.

The Louisville Water Company has appealed from a judgment of the Franklin Circuit Court which held invalid, in part, an order of the Public Service Commission of Kentucky concerning the right of the water company to make charges to customers outside the city limits of Louisville, for meters, service connections, laterals, and main extensions.

In proceedings brought before the Public Service Commission by certain home builders and contractors, it was contended that the water company was wrongfully requiring new customers outside the City of Louisville to pay the cost of the water meter and a charge for making a connection or tap to the water main. In hearing the matter, the commission also considered the validity of charges made by the water 'company for a service pipe from the water main to the customer's curb line, and for extensions of the water main. Outstanding regulations of the commission, which had been in effect for more than 20 years prohibited a water company from making a charge: (1) For furnishing or installing a water meter or meter accessories, "except by mutual agreement in special cases;" (2) for making a connection or tap to its mains; (3) for furnishing and installing a service pipe from its main to the customer's curb line; and (4) for an extension of its main a distance of 50 feet or less for a customer who would contract to use water for at least one year.

Being of the opinion that under certain decisions of this Court a municipally owned water company cannot lawfully provide the

facilities for conveying water beyond the corporate limits of the city, the Public Service Commission held that its regulations, except as to water meters, were invalid as applied to customers outside the city limits. The effect of this holding was that the water company charges were valid, except the charge for water meters, which the commission considered not to be "facilities for conveying water."

The water company brought action in the Franklin Circuit Court, challenging the order of the commission. Some of the original complainants also brought an action challenging the order. The two actions were consolidated, and one judgment was entered, from which this appeal is taken. The judgment was that the regulations all were valid, and that the order of the commission be set aside to the extent that it held some of the regulations invalid. The effect of the judgment was to preclude the water company from imposing any of the charges in question.

The water company has maintained throughout the proceedings that the Public Service Commission has no jurisdiction of the matter, because, first, municipally owned utilities are exempt by statute from regulation by the commission, and second, in any event the commission has authority only to regulate rates and service, and the matter in issue here is not one of rates or service, but of "facilities."

■ The Louisville Water Company is in the category of a municipally owned utility. See Rash v. Louisville & Jefferson County Metropolitan Sewer District, 309 Ky. 442, 217 S.W.2d 232. By virtue of KRS 278.010(3), municipally owned utilities are exempted from the general regulatory powers of the Public Service Commission. However, this Court has held that the exemption does not extend to the furnishing of service outside the limits of the city, and the commission has power to regulate rates and service to outside customers. City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d

68; Louisville Water Co. v. Preston Street Road Water District, Ky., 256 S.W.2d 26; Fraley v. Beaver-Elkhorn Water District, Ky., 257 S.W.2d 536; City of Covington v. Sohio Petroleum Company, Ky., 279 S.W.2d 746; City of Richmond v. Public Service Commission, Ky., 294 S.W.2d 513.

The appellant contends that in the cases above cited the Court overlooked KRS 96.150, which has been in force since 1936, and which specifically authorizes a municipally owned water company to extend its system into, and serve, any territory within a five-mile radius of the city limits. The argument is, that when the legislature amended the Public Service Commission Act, in 1936, so as to exempt municipally owned utilities, the legislature must have had in mind the provision of KRS 96.150, enacted earlier at the same session, and therefore must have intended to exempt a municipally owned water company in all areas in which it is authorized by law to render service. The appellant points out that prior to 1936 it was held that a municipally owned utility could not extend its own service lines or facilities outside the city limits. See Smith v. City of Raceland, 258 Ky. 671, 80 S.W.2d 827.

The difficulty with this argument is that in the Olive Hill case, and in the other cases which have followed it, the question of whether the city had power to furnish service facilities outside the city limits was not considered to be a determining factor. In fact, in the Olive Hill case, the question of whether the city had power to render service outside its limits was expressly held not to be before the court.

■ Residents of a city have some means of protection against excessive rates or inadequate service of a utility owned by the city, through their voting power. However, customers outside the city have no such means of protection, and unless their interests are protected by the Public Service Commission they are at the mercy of the utility. This consideration, we think, was the basis for the decisions that the legisla-

ture did not intend to exempt municipally owned utilities from regulation in rendering service outside the city.

It is our opinion that KRS 96.150 has no bearing on the question decided in the Olive Hill case, and in the cases which have followed it, and that those cases are controlling here so as to uphold the jurisdiction of the Public Service Commission.

■ The water company maintains that in any event the Public Service Commission has power of regulation only as to "rates" and "service," and that the question here is one of "facilities," over which the commission has no jurisdiction. To say that a charge imposed for installation of a service facility is not a matter of rates and service is to us wholly unacceptable. KRS 278.010(5) defines "rate" to include, among other things, any "charge * * * or other compensation for service rendered or to be rendered," and KRS 278.010(6) defines "service" to include any "requirement in any way relating to the service of any utility * * *." The circuit court held that regulation of "service" was involved, and we think not only that this was correct, but that regulation of "rates" also was involved.

■ The water company points out that in each instance the service installation charges have been made in accordance with a written contract with the individual customer. It is argued that since the water company had no duty or obligation to serve customers outside the city, any relation between the company and the complainants in this case must be considered as strictly contractual, and the complainants have no rights that may be asserted except those that rest upon contract. This is indeed a specious argument. If, as is the case here, the rates and service of a public utility are subject to regulation by a body such as the Public Service Commission, it is beyond question that the utility cannot by contract abrogate the regulatory power. Obviously, if the Public Service Commission has fixed one rate, the utility cannot contract for another one. So, if the Public Service Commission has by regulation forbidden that a certain charge be imposed, the utility cannot by contract impose the charge. The company here makes some contention that the meter installation contracts are valid because of a clause in the regulations that permits an installation charge "by mutual agreement in special cases." However, the contracts here have been made with every customer, and obviously the regulation does not mean that all cases are special cases.

■ The water company makes a further contention based on certain language in Board of Commissioners of Louisville Extension Water District v. Yunker, Ky., 239 S.W.2d 984. Prior to 1936, this Court had held in a number of cases that, in the absence of express statutory authority, a municipally owned water company could not sell water to customers outside the city limits unless the facilities for conveying the water beyond the limits were constructed by the customers without expense to the company. See Dyer v. City of Newport, 123 Ky. 203, 94 S.W. 25; Smith v. City of Raceland, 258 Ky. 671, 80 S.W. 2d 827. In 1936 the legislature enacted what is now KRS 96.150 (referred to at a previous point in this opinion) which expressly authorizes a municipally owned water company to extend its service facilities into any territory within a five-mile radius of the city limits. In the Yunker case, decided in 1951, the holding in the former cases was referred to as a "well settled" rule. KRS 96.150 was not mentioned in the Yunker opinion and apparently was not brought to the attention of the court.

The water company argues that, in view of the holding in the Yunker case, the company cannot install facilities outside the city limits except at the expense of the customer, and therefore the regulations of the Public Service Commission prohibiting the company from charging the expense to the customer are invalid. This argument was accepted by the Public Serv-

ice Commission and was the basis for the commission's holding invalid all of its regulations except the one relating to meters, which the commission ruled were not "facilities for conveying water." The circuit court, in setting aside the order of the commission and holding the regulations all to be valid, was of the opinion that the Yunker case was not intended to, and did not, nullify KRS 96.150.

We see no reason for not facing up to the simple fact that KRS 96.150 was not considered in the Yunker case. Since that statute expressly authorizes a city water company to extend its facilities into territory within five miles of the city limits, there is no basis for a holding that the company cannot incur the expense of furnishing or installing the facilities in such territory. Accordingly, to the extent that the Yunker case may be considered authority for the proposition that a water company cannot incur such expense, it is overruled.

The water company urges that the Public Service Commission has full authority to adopt reasonable regulations, and when the commission by its order in this case amended its regulations so as to eliminate the prohibition against making charges for connections, service lines and main extensions, the commission acted within its authority, so that the circuit court had no basis on which to hold the amendment of the regulations to be unlawful or unreasonable. However, the order of the commission makes it clear that the commission was amending its regulations only because it felt compelled to do so by the opinion in the Yunker case, and that the commission was not voluntarily changing its regulatory policy.

It is our ultimate conclusion that the judgment of the circuit court is correct, as concerns territory within a five-mile radius of the city limits of Louisville. However, it was stipulated that some of the territory involved was beyond the five-

mile limit. As to this latter territory, we think that the rule referred to in the Yunker case is applicable, and the order of the Public Service Commission was proper.

The judgment is affirmed, except to the extent that it relates to territory beyond five miles from the city limits of Louisville; to that extent it is reversed, with directions to enter judgment upholding the order of the Public Service Commission.