**Carl McCLELLAN et al., Appellants,**

v.

**LOUISVILLE WATER COMPANY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

March 24, 1961.

Rehearing Denied Dec. 15, 1961.

Clay Shackelford, A. R. Burnam, III, James E. Thompson, Shackelford & Burnam, Richmond, Leon J. Shaikun, Louisville, R. P. Moloney, Donald Moloney, Moloney & Moloney, F. Selby Hurst, Lexington, for appellants.

Charles W. Morris, Frank A. Garlove, Matt L. Garlove, Irwin G. Waterman, Morris & Garlove, Louisville, for Louisville Water Co.

Alan Neil Schneider, Herman E. Frick, Louisville, for City of Louisville.

Arthur W. Grafton, Edward A. Zingman, Wyatt, Grafton & Grafton, Harris W. Coleman, Louisville, for Comrs. of Sinking Fund of City of Louisville.

WADDILL, Commissioner.

Appellants reside outside the Louisville city limits and are consumers of water sold by appellee, Louisville Water Company. In 1939 and in 1946 appellee substantially increased its water rates for nonresident consumers without seeking or obtaining approval of the Kentucky Public Service Commission. In July, 1955, appellee decreased the discount it allowed its customers for the prompt payment of their water bills.

On August 12, 1957, appellants filed this action against appellee in Jefferson Circuit Court seeking: (1) To have the unapproved rate increases declared illegal and void; (2) injunctive relief prohibiting the further collection of such increases; and, (3) refunds of the sums unlawfully collected. The trial judge refused to grant the relief sought and entered judgment accordingly.

Chapter 278, KRS, empowers the Public Service Commission to regulate utilities. However, in defining "utility," KRS 278.-010(3) reads:

" 'Utility' means any person, *except* a water district organized under Chapter 74 or *a city*, who owns, controls, operates or manages any facility * * *."

This subsection has been construed as not exempting a city-owned utility from regulation of its extraterritorial operations by the Public Service Commission. City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68; Louisville Water Company v. Preston Street Road Water District, Ky., 256 S.W.2d 26; Fraley v. Beaver Elkhorn Water District, Ky., 257 S.W.2d 536; City of Covington v. Sohio Petroleum, Ky., 279 S.W.2d 746; City of Richmond v. Public Service Commission, Ky., 294 S.W.2d 513; Louisville Water Company v. Public Service Commission, Ky., 318 S.W.2d 537. Appellee is in the category of a municipally owned utility. Louisville Water Company v. Public Service Commission, Ky., 318 S.W.2d 537; Rash v. Louisville & Jefferson County Metropolitan Sewer District, 309 Ky. 442, 217 S.W.2d 232.

The public interest affected by the far-reaching consequences of our former construction of KRS 278.010(3), in City of Olive Hill v. Public Service Commission, supra, and in cases which followed it, has

caused us to reconsider once again the soundness of that construction. As a result of our re-examination of Chapter 278, KRS, specifically the exemption from the regulatory control of the Public Service Commission granted to cities by the plain language of subsection (3) of KRS 278.-010, we have reached the conclusion that our construction of this subsection is erroneous, and we hold that the exemption provided therein extends to all operations of a municipally owned utility whether within or without the territorial boundaries of the city. Therefore, insofar as the above cited cases are in conflict with this opinion they will no longer be followed. While we recognize that this decision deprives nonresident utility customers of the protection afforded by the Public Service Commission against excessive rates or inadequate service, nevertheless matters of this character are of legislative rather than judicial concern.

This ruling effectively decides that the alleged increases in rates are not illegal and void on the grounds set forth in the complaint. While we are not adopting the reasoning of the trial judge, the ultimate conclusion he reached (which denied appellants relief) is correct.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

This Court has considered and reconsidered the principle first set forth in the Olive Hill case as shown by the cases cited in the majority opinion. The General Assembly has met in several regular and extra sessions since the original decision in 1947 without taking any legislative action to change the rule of law thus established. A bill to change the rule was unsuccessful in passage at one session. It has thus become firmly established in the body of our law.

The doctrine of the Olive Hill case is sound, in that it affords the only protection to the extraterritorial customers of a city-owned utility against unfair rates and faulty service. Therefore, I feel that it is unwise in the absence of legislative action to abrogate this rule; hence, this dissent.

BIRD, C. J., joins with me.