Daniel B. BOONE, Appellant,

v.

Marlow W. COOK et al., Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1963.

Henry A. Triplett, Louisville, for appellant.

E. P. Sawyer, Jefferson County Atty., Cecil Davenport, First Asst. County Atty., Louisville, for appellee.

STEWART, Chief Justice.

This is an appeal from a judgment of the Jefferson Circuit Court holding that the purchase of the steamboat "Avalon" by the Jefferson Fiscal Court, whose members are appellees herein, was proper under the authority granted that court by the statutes.

In May, 1962, the Jefferson Fiscal Court empowered Marlow W. Cook, judge of Jefferson County, to bid on the steamboat at a bankruptcy sale to be held at Cincinnati, Ohio. On May 24th Judge Cook, acting for the fiscal court, purchased the boat for $34,000, which money was paid out of the general fund of the county. On June 14, 1962, the fiscal court passed a resolution dedicating the boat as a county recreational facility.

On July 7, 1962, Daniel B. Boone, appellant herein, acting individually and as a representative of Jefferson County property owners, instituted this action seeking recovery for the county of the $34,000, either by sale of the boat or from the members of the fiscal court, on the ground that the purchase was illegal.

The trial court stated in a memorandum opinion that, under the provisions of KRS Chapter 58, the fiscal court had the authority to purchase the boat. KRS 58.010 through 58.140 provides that governmental agencies may acquire or develop public projects and "may" issue revenue bonds to defray the cost thereof. Subsections one and two of KRS 58.010 define a public project and a governmental agency as follows:

"(1) 'Public Project' means any lands, buildings, or structures, works or facilities suitable for and intended for use as public property for public purposes or suitable for and intended for use in the promotion of the public health, public welfare or the conservation of natural resources, including the planning of any such lands, buildings, structures, works or facilities, as well as improvements or additions to any such lands, buildings, structures, works or facilities.

\* \* \* \* \* \*

"(3) 'Governmental Agency' means the Commonwealth of Kentucky as such acting by or through any department, instrumentality or agency thereof, or any county, city, agency or instrumentality or other political subdivision of the Commonwealth, or agency, or instrumentality thereof."

It is contemplated the steamboat will be made available to church groups, schools and school children, fraternities and sororities, clubs, and for use of the general public for excursions up and down the Ohio River. It is intended that the auditorium on the boat, which seats 700 people, will be used by local stage groups, the Louisville Orchestra, youth orchestras, and community drama organizations for the presentation of programs.

Under KRS 97.020 any fiscal court may establish "a recreational system." In the case of McKinney v. City of Owensboro, 305 Ky. 253, 203 S.W.2d 24, this Court ruled that auditoriums, swimming pools and gymnasiums constructed and operated for the public benefit were public projects within the meaning of KRS 58.010(1).

In Chrisman v. City of Cumberland Coach Lines, Ky., 249 S.W.2d 782, the question presented for determination was whether the acquisition of a bus line by the City of Cumberland to provide transportation under certain conditions was a public project within the contemplation of KRS 58.010(1). It was shown that the livelihood of a substantial number of the city's citizens was dependent upon having bus service. This Court held that it was such a facility as had been recognized by the Legislature to be within the power of the local government to acquire and operate.

In Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80, it was held that the Legislative determination of what is a public purpose will not be interfered with by the courts, unless the judicial mind conceives it to be without a reasonable relation to the public interest or welfare.

It may be true that the fiscal court does not have the authority to purchase the steamboat, as appellant points out and the trial judge held, under any of the thirteen powers enumerated under KRS 67.080. However, since KRS Chapter 97 recognizes that the creation and maintenance of a recreational system by a fiscal court is a legitimate function of such a governmental unit, and since the steamboat under the facts presented must be held to be a public project, because it is shown its use for recreation will bestow a wide-spread benefit on the citizens of Jefferson County, we conclude the purchase was legal and authorized under the provisions of KRS 58.010(1).

Appellant next contends the purchase was void because it was not in compliance with KRS 68.170(1) as to asking for bids, which reads:

"The purchasing agent shall make all purchases of supplies, goods, wares and merchandise ordered by the fiscal

court to be purchased for county purposes. Where the amount of the purchase exceeds $250.00, purchases shall be made on competitive bids from the lowest and best bidder, and the purchase shall be approved by the fiscal court."

 A steamboat does not fall within any of the classifications of commodities set forth in KRS 68.170(1). This statute was intended to require competitive bids only on articles which are sold and consumed generally, and may not be said to apply to a type of property that is rare and unique, such as a steamboat. Therefore, we do not believe the statute may be invoked in the case at bar to invalidate the purchase.

Wherefore, the judgment is affirmed.