**Boyd L. BOGGS et al., Members of the Laurel County Fiscal Court et al., Appellants,**

**v.**

**Wayne REEP et al., Individually and as Members of the Laurel County Free Public Library, Appellees.**

Court of Appeals of Kentucky.

June 10, 1966.

———◆———

Coleman D. Moberly, London, for appellants.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, Charles R. Luker, Jr., London, for appellees.

WADDILL, Commissioner.

This action was commenced by the appellees, as individuals and as trustees of the Laurel County Public Library District, to compel the appellants, Laurel County Fiscal Court and its individual members, to levy a tax of ten cents on each one-hundred dollars worth of property assessed for local taxation pursuant to KRS 173.720. In their answer appellants concede that appellees complied with the provisions of KRS 173.720 to organize a library district for Laurel County but alleged that the statute is unconstitutional. The trial court held the statute did not violate the Constitution of Kentucky and ordered appellants to levy the prescribed tax.

On this appeal it is contended that the statute is unconstitutional in that it permits the 50¢ limitation imposed by Section 157 to be exceeded; it permits establishment of a taxing district without a vote of the people, contrary to the intent of Section 157; it requires the levying of taxes for purposes of local concern contrary to Section 181 as interpreted, and, because of the subsequent enforcement of the full assessment requirement of Section 172, this tax will be confiscatory.

The statute in question (KRS 173.720) was enacted by the 1964 General Assembly and provides:

"Districts shall be organized in the following manner:

"(1) Upon the filing of a duly certified petition of fifty-one percent or more of the number of duly qualified voters who voted in the last general election in each county to be included within the territorial limits of the proposed district, the fiscal court of each county in the proposed district shall adopt a resolution ordering the levy of a tax of not more than twenty cents on each one hundred dollars worth of property assessed for local taxation. Such petition shall be filed with the fiscal court in each county in the proposed district not later than ninety days after the date of the first signature on the petition. A certified copy of the order of the fiscal court shall be filed within thirty days with the county court clerk who will add the levy to the next annual tax bill of the county or counties concerned."

Subsections (2) and (3) prescribe the form of the petition. Subsection (4) provides:

"(4) All special ad valorem taxes authorized by KRS 173.710 to 173.800 shall be collected in the same manner as are other county ad valorem taxes in each county affected and shall be turned over to the board as the governing body of the district. The special ad valorem tax shall be in addition to all other ad valorem taxes."

■ Considering the various grounds of unconstitutionality in the order presented, we first observe that Section 157 of our

state constitution, insofar as pertinent to appellants' argument, provides:

"The tax rate of cities, towns, counties, taxing districts and other municipalities, for other than school purposes, shall not, at any time, exceed the following rates * * * for counties and taxing districts, fifty cents on the hundred dollars * * *."

Laurel County is presently levying the maximum tax permitted it under this Section. It is contended that KRS 173.720 violates this Section by increasing the county tax to an amount in excess of the maximum allowable. However, KRS 173.715 recognizes that a library district has the power to tax and under KRS 173.720 the county merely collects the tax as agent of the library district. Hence, it is manifest that the library tax is not a part of the county tax within the prohibition of Section 157 but is a tax levied by a new authorized taxing district created pursuant to statutory authority. In City of Covington v. District of Highlands of Campbell County, 113 Ky. 612, 68 S.W. 669, in considering a similar objection, it was stated:

"We are not prepared to say, however, that the creation of taxing districts, * * *, is contrary to the spirit or to any express provision of the present constitution. * * *, general provision for such form of government [a taxing district], to be applied to particular localities, dependent upon a compliance with some general statute upon that subject, is quite clearly permitted."

We conclude that KRS 173.720 does not contravene Section 157 as to the maximum tax allowed. Cf. Lambert v. Board of Trustees of Public Library, 151 Ky. 725, 152 S.W. 802.

■ It is next contended that since Section 157 does not permit an indebtedness in excess of the taxing authority's annual revenue without a vote of the people, a taxing district cannot be created without such a vote. The analogy is indeed strained. The questioned statute in nowise creates or even contemplates creation of an indebtedness of any taxing authority. We have previously observed that districts for specific purposes may be created without the consent of the residents affected. Cf. Fraley v. Beaver-Elkhorn Water District, Ky., 257 S.W.2d 536; Rash v. Louisville & Jefferson County Metro. Sewer District, 309 Ky. 442, 217 S.W.2d 232.[1] See also 63 C.J.S. Municipal Corporations § 1360. We conclude that the method of establishing a library district is reasonably suited to its purpose and does not contravene Section 157.

■ The third argument relates to an alleged violation of Section 181. A library is not of local concern and therefore the inhibition of Section 181 is not applicable. Board of Trustees, Newport Public Library v. City of Newport, 300 Ky. 125, 187 S.W.2d 806; also see Board of Trustees of P. & F.R.F. of City of Paducah v. City of Paducah, Ky., 333 S.W.2d 515.

■ Finally it is contended that the tax levied for the library district is confiscatory because full assessment under Section 172 will produce revenue nearly five times greater than that contemplated for library needs. However, KRS, Chapter 132 (as amended in 1965) restricts tax rates to revenues collected during 1965. Although the library tax was not collected in 1965, it is clear that it would have been but for the unauthorized refusal of appellants to levy it. The amount that would have been collected in 1965 establishes the compensating tax rate provided in Chapter 132. We hold that the provisions of this Chapter govern the tax to be collected for the Laurel County Library District.

The judgment is affirmed.

1. Both cases were overruled on another aspect in McClellan v. Louisville Water Co., Ky., 351 S.W.2d 197.