**CITY OF GEORGETOWN, Kentucky, Appellant,**

v.

**PUBLIC SERVICE COMMISSION of the Commonwealth of Kentucky and Kentucky American Water Company, Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

Joseph J. Leary, Frankfort, for appellant.

Morris Burton, Robert T. Harrod, Frankfort, C. Gibson Downing, Lexington, for appellees.

STEPHENSON, Justice.

This appeal poses the question of whether the Public Service Commission has jurisdiction to resolve a territorial dispute between a city-owned water supply system and a privately owned water supply system where the area in dispute lies outside the corporate boundaries of the city and no question exists as to the legal right of either system to serve the disputed area.

The city of Georgetown undertook to extend its water supply system into territory contiguous to the city and within fifteen miles of the city pursuant to KRS 96.150.

Kentucky American Water Company filed a complaint with the Public Service Commission in which it sought a cease and desist order which would have precluded the city from the extension of its water supply system into the service area of the Kentucky American Water Company.

The city of Georgetown moved to dismiss the complaint on the ground that the Public Service Commission had no jurisdiction to regulate the authority granted

the city by the General Assembly pursuant to KRS 96.150, which provides:

"Any city that owns or operates a water supply system may extend the system into, and furnish and sell water to any person within, any territory contiguous to the city [that lies within fifteen miles of the corporate limits,] and may install within that territory necessary apparatus. For this purpose the city may condemn or otherwise acquire franchises, rights and rights of way, as private corporations may do.[1]

The Public Service Commission overruled the motion to dismiss, and the city filed suit in the Franklin Circuit Court for a declaration of rights and injunctive relief. The Franklin Circuit Court denied the motion for a temporary injunction and the city seeks an injunction here under CR 65.07.

The city argues that KRS 96.150 read together with KRS 278.010(3), which provides, " 'Utility' means any person except a city, who owns, controls, or operates or manages any facility used or to be used for or in connection with * * *", excepts a city-owned water supply system from the jurisdiction of the Public Service Commission which receives its authority to regulate utilities from Chapter 278, KRS.[2]

The city relies on our opinion in McClellan v. Louisville Water Company, Ky., 351 S.W.2d 197 (1961), wherein the Louisville Water Company, without seeking or obtaining approval of the Public Service Commission, had substantially increased its water rates for non-resident consumers. The opinion noted that KRS 278.010(3) had been construed as not exempting a city-owned utility from regulation of its extraterritorial operations by the Public Service Commission citing City of Olive

1. H.B. 117, 1974 General Assembly amended KRS 96.150, deleting that portion of the Act which limited such extension to territory that lies within fifteen miles of the corporate limits, so that the Act as amended imposes no limit on such extensions.

2. Prior to 1964, water districts created under KRS Chapter 74 were excepted from the definition of "utility." The 1964 General Assembly by amendment deleted that exemption thus subjecting water districts to regulations under KRS, Chapter 278.

Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68 (1947), and a series of cases involving the exception in the statute. Overruling *Olive Hill*, we said at page 198 of 351 S.W.2d of *McClellan*:

"The public interest affected by the far-reaching consequences of our former construction of KRS 278.010(3), in City of Olive Hill v. Public Service Commission, supra, and in cases which followed it, has caused us to reconsider once again the soundness of that construction. As a result of our re-examination of Chapter 278, KRS, specificially the exemption from the regulatory control of the Public Service Commission granted to cities by the plain language of subsection (3) of KRS 278.010, we have reached the conclusion that our construction of this subsection is erroneous, and *we hold that the exemption provided therein extends to all operations of a municipally owned utility whether within or without the territorial boundaries of the city*. Therefore, insofar as the. above cited cases are in conflict with this *opinion they will no longer be followed*." [Emphasis added]

As authority for the contention that the Public Service Commission possesses jurisdiction in this dispute, the Public Service Commission and Kentucky American Water Company rely on City of Cold Spring v. Campbell County Water District, Ky., 334 S.W.2d 269 (1960), wherein a dispute arose between the city of Cold Spring and a water district over which one should provide water service to an unincorporated area of Campbell County. The jurisdiction of the Public Service Commission to resolve that dispute was contested as it is here. The opinion recited that the trial court in adjudging that the water district had a preferential right to serve the area was in effect granting a certificate of convenience and necessity to construct facilities and furnish the service and that this invaded the jurisdiction of the Public Service Commission. KRS 278.020(1) was cited, which provides:

"No person shall begin the construction of any plant, equipment, property or facility for furnishing to the public any of the services enumerated in KRS 278.-010, except ordinary extensions of existing systems in the usual course of business, until such person has obtained from the public service commission a certificate that public convenience and necessity require such construction. Upon the filing of an application for such a certificate, and after a public hearing of all parties interested, the commission may issue or refuse to issue the certificate, or issue it in part or refuse it in part."

The opinion further states:

"While both cities and water districts are by KRS 278.010(2) expressly exempted from the definition of 'utilities', this statute uses the word 'person', and such public corporations are subject to its provisions. City of Covington, Kentucky v. Public Service Commission of Kentucky, Ky., 327 S.W.2d 954.

"Clearly in a case such as the one before us, the Commission is pre-eminently qualified to determine which of these two competing political subdivisions is best qualified to, and should serve the Johns Hill area. That is the business of the Commission, and is not a matter for the original jurisdiction of courts. This fundamental principle was recognized in the Olive Hill case (City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68), and in the following cases: City of Vanceburg v. Plummer, 275 Ky. 713, 122 S.W.2d 772 * * *."

*City of Cold Spring*, though recognizing that KRS 278.010(3) expressly excepts cities from the definition of "utilities," the statutory basis for jurisdiction of the Public Service Commission, bases the jurisdiction of the Public Service Commission on the word "person" used in KRS 278.-020(1). This holding was rested on *City of Olive Hill* and City of Covington v. Public Service Commission, Ky., 327 S.W. 2d 954 (1959). *City of Covington* found authority for its holding that the Public

Service Commission had jurisdiction to resolve a dispute between two cities as to who should furnish water to a water district in City of Vanceburg v. Plummer, 275 Ky. 713, 122 S.W.2d 772 (1938).

It is not possible to follow the logic in the reasoning of the opinion in *City of Cold Spring* which recognizes that cities are excepted from the definition of "utilities" in the statute, yet holds they are "persons" within the meaning of the statute and are therefore covered by the statute. We conclude that this strained reasoning was adopted to reach what this court then considered to be a desirable result to prevent "ruinous competition" as stated in the opinion and because the Public Service Commission is "pre-eminently qualified to determine the issues."

While it can be argued that it would be desirable to leave this type dispute within the jurisdiction of the Public Service Commission, we are of the opinion that *City of Cold Spring* is not supported by the plain intent of the General Assembly which excepted city water systems from the definition of "utilities," nor by the reasoning that KRS 278.020(1) by implication cancelled out the exemption. We illustrate this by pointing out that *McClellan* overruled *City of Olive Hill*. In subsequent cases City of Mt. Vernon v. Banks, Ky., 380 S.W.2d 268 (1964), cited *McClellan* in a controversy over the reasonableness of rates fixed by the city and stated: "In the operation of a water plant a municipal corporation is not under the jurisdiction of the Public Service Commission. KRS 278.010(3)". In City of Flemingsburg v. Public Service Commission, Ky., 411 S.W. 2d 920, 923 (1967), it is stated: "It is our view that the decision in McClellan v. Louisville Water Company, Ky., 351 S.W. 2d 197, overruled the Plummer [City of Vanceburg v. Plummer, supra] case. It would be entirely inconsistent with the McClellan ruling to require a municipal water plant to obtain a certificate from the Commission * * *."

The opinion stated that a similar situation to *City of Cold Spring* was not presented in that "ruinous competition" was not involved; however, we believe that to be a distinction without a real difference. *City of Cold Spring* has had its foundation completely removed; *City of Olive Hill* and related cases were overruled by *McClellan; City of Flemingsburg* expressed the view that *McClellan* overruled City of Vanceburg v. Plummer, and City of Covington v. Public Service Commission cited in *City of Cold Spring* relied on *City of Vanceburg*. We observe that all of the case authority relied on in *City of Cold Spring* has been overruled and we think that *City of Cold Spring* should now be specifically overruled and quietly laid to rest. It is our view that the plain intent of the General Assembly as expressed in KRS 278.010(1) should prevail and not be circumscribed by a strained reasoning process bringing into play KRS 278.020(1). While it may be desirable that the Public Service Commission resolve this type dispute because of its expertise in this area, this is of legislative, not judicial, concern, and we feel compelled to follow the clear language of KRS 278.010(3).

City of Covington v. Board of Commissioners, Ky., 371 S.W.2d 20 (1963), is called to our attention wherein a water district sought a certificate of convenience and necessity to expand its water plant. This was resisted by the City of Covington at a time when both cities and water districts were excepted from the definition of "utility." We held the Public Service Commission had jurisdiction to decide the merits of the controversy citing KRS 278.-020(1). The exclusion of KRS 278.010(3) was not argued. We conclude that City of Covington v. Board of Commissioners should also be overruled.

The trial court should have granted the city's motion for a temporary injunction on the ground that the Public Service Commission was without jurisdiction.

Under CR 65.07 the city's application to this court for a temporary injunction is granted.

All concur.