CITY OF COVINGTON, Kentucky, Appellant,

v.

PUBLIC SERVICE COMMISSION of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1959.

R. P. Rich, Covington, for appellant.

J. Gardner Ashcraft, Frankfort, Morris Weintraub and George Muehlenkamp, Newport, for appellees.

CLAY, Commissioner.

This case involves a controversy between two cities concerning the future sale of water from their respective plants to a Water District. The Public Service Commission approved a plan for the construction of a new water plant by the City of Newport which will eventually, because of a collateral contract, deprive the City of Covington of a buyer of its excess water. The order of the Commission was affirmed by the Franklin Circuit Court.

For many years both Newport and Covington have operated their own water works systems, and with connections within the city limits have sold water at wholesale to the Campbell County Water District. The Water District has been purchasing one-half of its water supply from Newport and one-half from Covington, which it thereupon distributes in neighboring cities. Newport and Covington each realize approximately $90,000 yearly income from their sales to the Water District.

This arrangement was a happy one for all concerned until it became necessary for Newport to replace its obsolete plant. Qualified consulting engineers recommended the construction of a completely new plant which would have sufficient capacity to supply Newport and all of the needs of the Water District. This plan was adopted by Newport, and it entered into a forty year contract with the Water District to supply all of its requirements.

Newport applied to the Public Service Commission for an order denying its jurisdiction of any phase of the project, or in the alternative, a certificate of public convenience and necessity authorizing the construction of the new plant. Covington, which had tried its best to obtain a similar contract with the Water District opposed Newport's plan.

The Commission entered an order authorizing Newport to construct the proposed new water plant after finding: (1) Covington could supply all the requirements of the Water District, and to the extent Newport's new plant will supply the water formerly furnished by Covington, there is a duplication of facilities; (2) the Commission has no jurisdiction over the contract between Newport and the Water District; and (3) public convenience and necessity require the construction by Newport of the new plant.

The position taken by Covington is that the project will result in a duplication of facilities contrary to the public interest, and

the order of the Commission is in conflict with its own findings and is not based on substantial evidence. Newport contends the Commission has no jurisdiction whatsoever over a city water plant, but if it does, the necessity for the new plant was shown and the incidental resultant competition with Covington is not a controlling factor.

■ The exercise of authority by the Commission to approve or disapprove the erection of a city water plant is fraught with many difficulties since the Commission clearly has no jurisdiction over the rates, services or contracts of the utility (see KRS 278.010(3), 278.020(1), and 278.040), and because, as in cases such as the present, several classes of water consumers, with conflicting interests, may be involved. However, in City of Vanceburg v. Plummer, 275 Ky. 713, 122 S.W.2d 772, we held the Public Service Commission had jurisdiction to issue a certificate of public convenience and necessity authorizing the construction of a city plant.

■ There was ample evidence in this case to support the Commission's finding that public convenience and necessity would be served by the erection of the new plant proposed by Newport. There is a serious question in the minds of some members of the Court as to whether or not the possible future competition with another city in the sale of excess water may properly be considered as militating against the needs of the residents of Newport. In any event, incidental and limited duplication of facilities found to exist in the present case is not so substantial as to indicate that Newport's proposed plant will be contrary to the public interest. While the Commission's order would have been more unassailable if such a specific finding had been made, its findings embrace by implication this conclusion. In other words, though the Commission found that to a certain extent there would ultimately be a duplication of facilities (with respect to furnishing water to one consumer), public convenience and neces-

sity greatly outweighed this rather collateral objection to the plan.

The Commission's order was in all respects justified and in conformity with law.

The judgment is affirmed.