Public Utilities Commission,
No. 4980.

DONALD BLAIR AND ALBERT SAVOIE

*v.*

MANCHESTER WATER WORKS.

Argued November 7, 1961.
Decided November 30, 1961.

*Alexander J. Kalinski* (by brief and orally), for the plaintiff Albert Savoie.

*J. Francis Roche,* city solicitor (by brief and orally), for the defendant.

KENISON, C. J. The question to be decided in this case is whether a municipally owned water works may be compelled to extend its service to an adjoining town in an area therein where it has not previously supplied water. This question is not a constitutional one nor one of public policy but rather one of statutory interpretation. If the Public Utilities Commission has the power to make such an order the merits of the case will be determined at a subsequent hearing but if there is no statutory authority for the Commission to hear the matter, the plaintiffs' petition must be dismissed. Kneier, State Supervision Over Municipally Owned Utilities, 49 Col. L. Rev. 180; Fordham, Local Government Law 823 (1949); Rhyne, Municipal Law 499 (1957).

By its charter the city of Manchester is authorized to contract, maintain and own its water works " . . . for the use of the citizens of said city, and for the use of the citizens of outlying towns and districts." Laws 1871, 70:1; Laws 1935, 323:1; *Chicopee Mfg. Co.* v. *Manchester,* 97 N. H. 109, 111. The authority of the Public Utilities Commission over extensions and service by public utilities is broad (RSA 374:7, 22) but its authority is limited by the express provisions of the public utility law and those that may be fairly implied therefrom. *Petition of Boston & Maine Railroad,* 82 N. H. 116; *State* v. *New Hampshire Gas & Electric Co.,* 86 N. H. 16, 28; *State* v. *New Eng. Tel. & Tel. Co.,* 103 N. H. 394. Thus " . . . municipal corporations operating within their corporate limits" are exempted from the definition of a public utility (RSA 362:2) but another statute provides that a municipality operating "outside its own limits" is subject to the jurisdiction of the Public Utilities Commission. RSA 38:12.

While the city of Manchester has extended its service into a precisely limited area in the adjoining town of Bedford, it has not

by contract, dedication or authority of the Public Utilities Commission sought to hold itself out as a public utility in the entire area of the town of Bedford. While statutory variations make it difficult to formulate any general rule, an examination of the authorities in this field indicates that there is no obligation on a municipal water system to extend its service outside its corporate limits in the absence of compelling reasons to do so. Annot. 48 A. L. R. 2d 1222, 1230; 12 McQuillin, Municipal Corporations (3d *ed.* 1950) *s.* 34.194; *Mongiello* v. *Hightstown,* 17 N. J. 611.

There is indication that the statutes regulating municipally owned water works were intended to place a primary duty to furnish water to the residents of the municipality and that any right to furnish water to nonresidents in adjoining towns and districts is secondary. The argument is made that by extending its services into the town of Bedford it has placed itself in a position of extending service to anyone in that town if the Public Utilities Commission should so order. This argument cannot be accepted as a reasonable interpretation of our statutes and would do violence to the primary obligation of a municipality to supply water to its own residents. It is more logical and consistent with the statutory intent to hold that a municipality by extending its water system in an adjoining town becomes a public utility, subject to the jurisdiction of the Public Utilities Commission, only in the specified area into which it has undertaken to extend its water service. This was the holding in *Milwaukee* v. *Public Service Comm.,* 241 Wis. 249, 253, where the court said: "We are of the view that if the Milwaukee utility by extending its service beyond the limits of the municipality became a utility outside its boundaries to the extent of its holding out as such, the geographical scope of this holding out must be measured by the terms and limitations of the contract with the town by which the service was extended." See also, Welch, Cases and Text on Public Utility Regulation 658 (1961).

It may be that the public interest would best be served if the Public Utilities Commission had full control of a municipal utility any time it extended its service outside its corporate limits. *Richmond* v. *Public Service Commission,* (Ky.) 294 S. W. 2d 513. But there is no clear legislative mandate to that effect expressed in the statutes. Merely because a municipal utility extends its service to a small area in an adjoining town, the present statutes do not give the Public Utilities Commission authority over the utility to compel it to extend its service over the entire area of the adjoining

town. 3 Yokley, Municipal Corporations, *s.* 500(d) ; 12 McQuillin, Municipal Corporations (3d *ed.* 1950) *s.* 35.34. It does, however, have jurisdiction if the municipality seeks to extend its service. RSA 374:22. See RSA ch. 364. Under proper circumstances it may permit an extension although it has no authority to require it.

The Public Utilities Commission is advised it has no statutory authority to grant the relief sought by the petition of the plaintiffs.

*Remanded.*

All concurred.