**CITY OF CATLETTSBURG, Appellant,**

**v.**

**PUBLIC SERVICE COMMISSION of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1972.

John Hopkins, Hazelrigg & Cox, Frankfort, James E. Adkins, Catlettsburg, for appellant.

David O. Welch, Corp. Counsel, City of Ashland, Gray, Woods & Cooper, Ashland, E. Gaines Davis, Jr., Smith, Davis & Duff, Morris E. Burton, Frankfort, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court affirming an order of the Public Service Commission which approved a sale of the Catlettsburg, Kenova & Ceredo Water Company to the City of Ashland. We affirm.

The City of Ashland and the City of Catlettsburg, both located in Boyd County, have a common boundary. Ashland owns a municipal water system from which it supplies customers both within and outside the city limits. Catlettsburg is supplied water by the Catlettsburg, Kenova & Ceredo Water Company, a privately owned utility, which also serves outlying rural areas and the City of Kenova, West Virginia. The entire system of the company is located outside the City of Ashland, and no cus-

tomers are served within the city; however, the two water systems are connected by a twelve-inch water main.

As a result of negotiations between the City of Ashland and the water company, an agreement was entered into for the sale and purchase of the company's system by the City of Ashland.

In December 1970, the City of Ashland and the water company filed with the Public Service Commission their joint application for approval of the sale and purchase of the water system. The City of Catlettsburg was permitted to intervene and object to the sale and purchase.

Although the City of Catlettsburg questioned the legal authority of Ashland to acquire the water system and to operate it within the corporate limits of Catlettsburg without first obtaining a franchise, the Commission limited the scope of its hearing to the question of whether Ashland was ready, willing, and able to continue providing adequate service.

The Commission, in approving the sale, found that Ashland was ready, willing, and able to continue providing adequate service; that it had ample funds to purchase the system; and that such was in the public interest.

The Commission also found as follows:

"(3) That the Public Service Commission is not the proper body to determine the legal issues raised in this proceeding with regard to the necessity of the City of Ashland obtaining legislative consent from the City of Catlettsburg to operate a utility within the latter City's corporate limits."

Upon an appeal by the City of Catlettsburg, the Franklin Circuit Court ruled: " * * * the order appealed from is neither unreasonable nor unlawful, and should be affirmed as a matter of law."

The City of Catlettsburg argues that the judgment of the Franklin Circuit Court should be reversed and the order of the Commission vacated for the following reasons:

"I. The governing body of one city may not constitutionally acquire and operate a utility system serving citizens of a sister city without the consent of the legislative body of the latter and over its objection.

"II. A municipality does not have the statutory authority to engage in the proprietary business of acquiring a privately owned utility system not needed for the requirements of its citizens and selling water for profit to the citizens of another city.

"III. The acquisition of one municipality of a utility system serving a sister city contravenes the public policy enunciated by the Public Service Commission law."

■ The legal right or authority of Ashland to acquire and to operate the water system is a question of law pertaining to the general powers of the city. It presents a question of the construction of statutes which is one for a court of original jurisdiction and not the Commission. City of Olive Hill v. Public Service Commission, 305 Ky. 249, 203 S.W.2d 68 (1947); City of Cold Spring v. Campbell County Water District, Ky., 334 S.W.2d 269 (1960).

■ As the Commission was without jurisdiction to determine the rights and general powers of Ashland on these questions, they were never validly before the Commission, the Franklin Circuit Court, or this court.

Whether or not Ashland has the legal right or authority to acquire the water system and to serve customers within the corporate limits of Catlettsburg is a question not now before us and one upon which we express no opinion.

■ When an existing utility proposes to sell its system, the power and authority of the Public Service Commission are limited to a determination of whether or not the purchaser is ready, willing, and able to continue providing adequate service. Public Service Commission v. Cities of Southgate, etc., Ky., 268 S.W.2d 19 (1954).

■ The Public Service Commission was of the opinion and found that the City of Ashland was ready, willing, and able to operate the water system of the Catletts-burg, Kenova & Ceredo Water Company. Under KRS 278.430 the power of the courts to set aside an order of the Public Service Commission is limited to cases in which the court finds that the action of the Commission was unreasonable or unlawful. We cannot say that the Commission's determination in the instant case was unreasonable or unlawful.

The judgment is affirmed.

All concur.